Hutchinson v. Swartsweller.

WILLIAM F. HUTCHINSON

*v.*

JOHN SWARTSWELLER.

1. Accepting the mortgagor's note for interest due on a mortgage, does not pay the debt nor discharge the lien.

2. Taking a second security of equal degree with the first, for the same debt, does not extinguish the first, unless the creditor accepts it with that understanding.

3. Where a first mortgagee accepts a new mortgage, and surrenders a prior one for cancellation, in ignorance of the existence of an inter-

vening lien, equity, in the absence of laches or other disqualifying fact, will restore him to his original position.

4. In equity, an obligee is entitled to recover the full amount due on his bond, though it may exceed the penalty.

On exceptions to master's report, filed by Leah Snyder, one of the defendants.

*Mr. H. S. Harris,* for exceptant.

*Mr. L. D. Taylor,* for complainant.

THE VICE-CHANCELLOR.

The defendant, who excepts to the master's report, holds two mortgages, prior in date and registry to that of the complainant. They were given to secure the annual payment of the interest of certain sums during the defendant's life. Receipts for all interest accrued up to March 31st, 1877, are endorsed on the bonds given with the mortgages, but it is admitted they mainly represent the mortgagor's notes, which have never been paid. On February 18th, 1878, the defendant was induced to accept a mortgage, embracing the same premises covered by her two prior mortgages, for the amount of the notes, and to surrender the notes. Five mortgages were executed by the mortgagor in the interval between the date of her two first and the date of her last. The complainant holds one of the five. When the defendant accepted the last, she was ignorant of the existence of all others, except, perhaps, one dated two days before the date of her last. The complainant insists that the defendant, by accepting the last, extinguished the lien of her two prior mortgages to the extent of the debt secured by the last. The master adopted this view, and has so reported.

The question is one of intention. Simply accepting the mortgagor's notes did not pay the debt, nor discharge the lien of the mortgages; nor did the subsequent surrender of

the notes for the last mortgage have that effect. *Shipman* v. *Cook, 1 C.'E. Gr. 251; Rogers* v. *Traders Ins. Co., 6 Paige 595; Dunham* v. *Dey, 13 Johns. 40.* Nor will the taking of a second security, of equal degree with the first, for the same debt, by operation of law extinguish the first. Acceptance of the second will only operate as an extinguishment of the first, when it is shown that the creditor accepted the second mortgage with the understanding that that should be its effect. *Gregory* v. *Thomas, 20 Wend. 17; 2 Jones on Mort.* § *929.*

Judge Comstock, in *Hill* v. *Beebe, 13 N. Y. 564,* says: " The proposition is, indeed, quite elementary that the mere act of taking a new security from the same party, and upon the same property, does not merge or extinguish a prior one." Substantially the same view is enforced in *Flanagan* v. *Westcott, 3 Stock. 264; Davis* v. *Maynard, 9 Mass. 242; Rogers* v. *Traders Ins. Co., 6 Paige 595; Eagle Ins. Co.* v. *Pell, 2 Edw. Ch. 634.*

A debt is not honestly extinguished until it is paid in cash or its equivalent; nor can a. security be considered released or surrendered where no payment has been made, until some act or word of the creditor is proved, clearly manifesting an intention of relinquishing or foregoing his right.

Where a first mortgagee accepts a new mortgage and surrenders a prior one for cancellation, in ignorance of the existence of an intervening lien, equity, in the absence of laches or other disqualifying fact, will restore him to his original position. *Bruse* v. *Nelson, 35 Iowa 157; 2 Jones on Mort.* § *971.* And so, where lands are sold under a decree founded on a first mortgage, the second mortgagee not having been made a party to the suit, in consequence of the mistake of the solicitor of the complainant, equity, for the protection of the purchaser, will treat the mortgage under which the sale was made as unextinguished, and will, on a bill by the purchaser, put the second mortgagee to his election either to redeem or be foreclosed. *Parker* v. *Child,*

*10 C. E. Gr. 41.*  These authorities render it perfectly clear that, unless it has been satisfactorily shown that the defendant intended, by the acceptance of the last security, to give up the lien of her first, the first remains in full vigor. The case is barren of all evidence of such a purpose. On the contrary, it is quite conclusively proved that her purpose in accepting the last mortgage was to get security for what it was supposed was then unsecured, and not to give up or relinquish anything.

The sum due on each of the defendant's bonds exceeds its penalty. This being so, the complainant contends that the defendant's recovery must be limited to the penalty. The rule is firmly settled the other way, not only here, but in most of our sister states. In a suit in equity for the recovery of a bond debt, either upon the bond itself, or a mortgage given to secure the bond, the obligee is entitled to recover the full amount due, though it exceeds the penalty. *Long's adm'r* v. *Long, 1 C. E. Gr. 59.* This rule strictly accords with the intention of the parties to the instrument, and is in perfect harmony with the demands of justice.

The exceptions must be sustained, with costs. The defendant is entitled to a decree giving her the paramount place among the encumbrancers for all interest unpaid.