**In re UNITED DISPLAY & BOX, INC., a/k/a United Jewelry Display, Debtor.**

**UNITED DISPLAY & BOX, INC., a/k/a United Jewelry Display, Plaintiff/Counterdefendant,**

v.

**MIDLANTIC BANK, N.A., Defendant/Counterplaintiff.**

**Bankruptcy No. 94–9885–8B1. Adv No. 95–746.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

July 8, 1996.

Wanda H. Anthony, Tampa, FL, for Plaintiff/Counterdefendant.

Honigman, Miller, Schwartz, and Cohn, Tampa, FL, Lee Wm. Atkinson, Clearwater, FL, O. Dennis Hernandez, Tampa, FL, for Defendant/Counterplaintiff.

## ORDER GRANTING MIDLANTIC'S MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST DEBTOR

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 11 case and the matter under consideration is a Motion for Partial Summary Judgment Against the Debtor filed by the Defendant/Counterplaintiff, Midlantic Bank, N.A. (Midlantic), in the above-captioned adversary proceeding. The relevant facts are without dispute and are as follows.

On October 5, 1989, Midlantic entered into a loan and security agreement (Pre–Petition Agreement), with four co-borrowers—Jewelry Box Corporation of America (Jewelry Box), Metal Box Corporation (Metal Box), Mahan Southeastern Box and Display, Inc., (Mahan), and the Debtor (co-borrowers). The Pre–Petition Agreement, which was amended on September 1, 1991, June 23, 1992, and January 28, 1994, is a revolving and term loan which binds the co-borrowers jointly and severally.

Jewelry Box, Metal Box, and Mahan filed Chapter 11 Petitions in the United States Bankruptcy Court for the District of New Jersey on September 19, 1994. Shortly

thereafter, on October 13, 1994, the Debtor filed its Chapter 11 Petition in the Middle District of Florida.

The three New Jersey Debtors were authorized by the New Jersey Bankruptcy Court to enter into a Post–Petition Loan and Security Agreement with Midlantic (Post–Petition Agreement). The Post–Petition Agreement, dated October 17, 1994, granted security interests and a superpriority administrative expense status to Midlantic.

The Debtor filed the above-captioned adversary proceeding on November 2, 1995, to determine the extent, validity, and priority of Midlantic's lien on its assets; the amount due Midlantic, if any, by the Debtor; and to determine if the actions taken by Midlantic have resulted in a novation or discharge of the Debtor's obligations under the Pre–Petition Agreement; and thus, whether the Debtor is released from its joint and several liability under the Pre–Petition Agreement.

Midlantic contends, in opposition, in its Motion for Summary Judgment that it did not intend the Post–Petition Agreement to extinguish the pre-petition debt. Midlantic points to the Post–Petition Agreement, which provides in relevant part:

> 2.02 *Reaffirmation of Security Interest and Liens.* Borrowers acknowledge and agree that the security interest and other Liens granted under the Prior Agreement to Lender by Borrowers in the Collateral owned by Borrowers are and remain valid and first priority Liens therein, . . .

Further, Midlantic asserts that it did not file a UCC–3 statement terminating its prior UCC–1 financing statement. The parties agree, pursuant to the Pre–Petition Agreement, that New Jersey law applies to govern the issues herein.

■ Whether a novation occurred depends on whether the parties intended the new agreement to substitute for the prior agreement. *See, e.g., Sixteenth Ward Bldg. & Loan Ass'n v. Reliable Loan, Mortgage & Security Co.,* 5 A.2d 753, 755 (N.J.App.1939). In *Fusco v. City of Union City,* 261 N.J.Super. 332, 618 A.2d 914, 917 (1993), the Court characterized the requirement of intent as one of "mutual agreement" and stressed its

importance "[b]ecause of the far-reaching effect of novation . . ." *Id.* Generally, a clear and definite showing of intent is required. *Sixteenth Ward,* 5 A.2d at 755. This can be evidenced by facts, circumstances, and conduct of the parties. *Id.* Further, a new party is necessary to effect a novation. *In re Taylor,* 103 B.R. 511 (D.N.J.1989); *Hunt v. Gorenberg,* 155 A. 881, 885 (N.J.1930).

■ It is well-established that the party alleging novation has the burden of proof. *Sixteenth Ward,* 5 A.2d at 755. Motions For Summary Judgment are governed by F.R.C.P. 56(c) as adopted by F.R.B.P 7056(c) which provides:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions· on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

There is no doubt that the party moving for summary judgment bears the burden of meeting the standard of F.R.B.P. 7056(c). In assessing whether the movant has met this burden, the Court should view the evidence and all factual inferences which may be drawn from those facts, in the light most favorable to the party opposing the Motion. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970); *Environmental Defense Fund v. Marsh* 651 F.2d 983, 991 (5th Cir.1981). All reasonable doubts should be resolved in favor of the non-movant. *Casey Enterprises v. Am. Hardware Mutual Ins. Co.,* 655 F.2d 598, 602 (5th Cir.1981).

■ The affidavits and depositions offered in support of the Motion for Summary Judgment show that the Post–Petition Agreement was not intended to be a novation. In support of this conclusion is the fact that Midlantic never filed a UCC–3 statement extinguishing the original UCC–1 financing statement and the express language of the Post–Petition Agreement recited above.

Based on the foregoing, this Court is satisfied that the Movant, Midlantic, is entitled to a judgment as a matter of law in its favor

concerning whether or not a novation or discharge has occurred.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Partial Summary Judgment Against the Debtor filed by the Defendant/Counterplaintiff, Midlantic Bank, N.A., be, and the same is hereby granted.

A separate Final Judgment will be entered in accordance with the foregoing.

DONE AND ORDERED.