*665 OPINION OF THE COURT
Robert F. Doran, J.
The gravamen of the action is to recover the sum of $13,983.44 for reimbursement due plaintiff pursuant to the terms of student loan promissory notes executed by defendant Steven Rochlitz and payable to the Dollar Savings Bank of New York plus additional interest accrued thereon, together with $1,720 for attorney’s fees due pursuant to the terms of the notes, for a total of $15,703.44. The payment of the promissory notes was guaranteed by defendants Samuel and Jacqueline Rochlitz. The repayment of said promissory notes was guaranteed by plaintiff to the lending institution.
The obligations of defendant Steven Rochlitz arise from guaranteed student loans advanced to defendant and evinced by six interim promissory notes executed by defendant payable to the Dollar Savings Bank of New York on or about January 5, 1971, November 14, 1973, April 28, 1975, August 22, 1975, February 9, 1977 and March 21, 1978. The notes were payable nine months after defendant terminated his enrollment at the educational institution. The said defendant left school in May 1978, and the notes therefore matured on March 1, 1979. A guarantee of payment was executed by defendants Samuel and Jacqueline Rochlitz on November 7, 1973. Defendant Jacqueline Rochlitz is deceased. Pursuant to the notes, interest accrues on the unpaid principal balance at the rate of 7% per annum, and attorney’s fees are fixed at 15% or 20% for collection of any amount not paid when due.
Defendants, pro se, cross-move for summary judgment on the grounds that defendant Steven Rochlitz has been discharged in bankruptcy and therefore such an action cannot be maintained against him and that defendant Samuel Rochlitz executed a guarantee only for the initial student loan and not for any subsequent loans.
Plaintiff’s argument of lateness of response by defendants and the shortness of time on the cross motion is without merit, since, under the circumstances, the court has, in its discretion, overlooked defendants’ shortcomings in this regard and allowed plaintiff sufficient time to reply to the said cross motion.
Although defendant Steven Rochlitz has not pleaded discharge in bankruptcy as an affirmative defense, the court will determine if such a defense is applicable to plaintiff’s motion for summary judgment.
*666 Pursuant to 11 USC § 523 (a) (8), educational loans made, insured or guaranteed by a governmental agency are nondischargeable in bankruptcy — with two exceptions. One of those exceptions concerns the length of time between the maturity of the loan and the filing of the petition in bankruptcy (which is neither applicable nor asserted herein). The other concerns a situation in which payment from future income or wealth will impose an undue hardship on the debtor or his dependents. Defendant Steven Rochlitz raises the "undue hardship” defense in conjunction with discharge in bankruptcy.
Defendant Steven Rochlitz is not entitled to automatic exemption from the nondischargeability of his student loan, since the Bankruptcy Court did not make a specific determination that the debt should be released on the ground of undue hardship. It is defendant’s argument, as viewed by this court from a reading of the cross motion, that, since the loan was included in his schedule of debts and plaintiff was put on notice thereof, the burden was on plaintiff to have filed a complaint in the Bankruptcy Court for determination that the debt should not have been discharged. Defendant also contends that, because plaintiff failed to seek such a determination before the Bankruptcy Court, the discharge is a complete defense.
Under 11 USC § 523, a creditor of a student loan is not required to initiate a proceeding in the Bankruptcy Court for a determination of the nondischarge of the debt in order to prevent the loan from being released by the general discharge of the debtor. The Code is quite specific in identifying only three classes of nondischargeable debts where the Bankruptcy Court is given exclusive jurisdiction and the debt is discharged unless the creditor obtains a ruling of nondischarge from that court. None of those classes is involved herein. As to debts statutorily excepted from discharge, including those arising out of student loans, State courts have concurrent jurisdiction to determine dischargeability (3 Collier, Bankruptcy If 523.06, at 523-531 [15th ed]). The issue here is not dischargeability but, rather, the effect of the discharge on a particular debt after the completion of the bankruptcy proceeding. The longstanding Federal rule has been that, where a creditor brings suit against the bankrupt after discharge, the question of whether the debt was discharged or falls within one of the statutory exceptions to discharge is ordinarily one to be resolved by the local court in which the suit on the debt was *667 brought (Hilton Credit Corp. v Jaggli, 366 F2d 793, 793-794; White v Public Loan Corp., 247 F2d 601, 602-603).
Having thus concluded that this court has jurisdiction to determine if defendant’s student loan debt was discharged in bankruptcy, this court concludes that the defendant had the responsibility of seeking the Bankruptcy Court’s determination that his student loan was discharged for undue hardship. The defendant has failed to meet his burden of demonstrating that his debt was discharged in bankruptcy; and, having failed to avail himself of a determination by the Bankruptcy Court that his student loan should have been discharged due to undue hardship, the loan was not in fact discharged. Thus, discharge is not a viable defense in this action.
Defendant Samuel Rochlitz contends that his execution of the guarantee was limited to only the first student loan obtained by defendant Steven Rochlitz. However, the guarantee which was executed by said defendant on March 7, 1973 provided that the guarantee "is a continuing one and is to apply to all existing student loans of the Borrower to the Bank or the Corporation and all student loan indebtedness of the Borrower to the Bank or to the Corporation which may arise hereafter, and to any and all renewals or extensions thereof.”
The guarantee further provides "Such indebtedness of the Borrower to the Bank or to the Corporation which does not presently exist, may be contracted hereafter at the request of the Borrower upon the terms agreeable to the Bank or to the Corporation without any further agreement or request on the part of, or any notice to, the undersigned.” The "undersigned” is defendant Samuel Rochlitz.
No silent intent on the part of defendant Samuel Rochlitz not to guarantee any future student loans of defendant Steven Rochlitz can in any way alter the express provisions of the guarantee. The contention that said defendant did not guarantee the loan of January 5, 1971 must be denied also, since the terms of the guarantee provide for a continuing guarantee which applies to existing as well as future student loans.
Upon the foregoing papers, the motion for summary judgment in favor of plaintiff against defendants is granted and defendants’ cross motion for summary judgment is denied.