### In re Rosco ANDERSON and Verna K. Anderson, Debtors.

### Bankruptcy No. 88–07208.

United States Bankruptcy Court,
N.D. Florida,
Tallahassee Division.

Aug. 14, 1989.

` Winifred L. Jernigan, Tallahassee, Fla., for debtors.

Ronald A. Mowrey, Tallahassee, Fla., trustee.

## ORDER DENYING MOTION TO REOPEN CASE

LEWIS M. KILLIAN, Jr.,
Bankruptcy Judge.

The Debtors have moved the Court to reopen their no-asset bankruptcy case, pursuant to Section 350 of the Bankruptcy Code, to allow them to add and discharge an additional creditor, the Veterans Administration (VA). Because reopening of the case to add the VA would not affect the discharge of that debt, the Debtor's motion is denied.

The Debtors filed their Chapter 7 petition on August 15, 1988, and were discharged on November 29, 1988. The trustee filed a no-asset report, and the case was closed. Since there were no assets in the estate, creditors were never advised to file claims.

The Debtors' mobile home, financed through Fidelity Guarantee Trust Company, was repossessed prior to the bankruptcy filing. The Debtors listed Fidelity on their bankruptcy schedules as an unsecured creditor for any deficiency resulting from repossession of the mobile home. The Debtors neglected to recall the debt to Fidelity was guaranteed by the VA, and so did not list the VA as a creditor on the bankruptcy schedules. The VA was not notified by Fidelity of the Debtors' bankruptcy. The Debtors claim the VA is now withholding Mr. Anderson's disability benefits and claiming its debt was not discharged by the bankruptcy.

Section 350(b) of the Code allows the Court to reopen a case "to administer assets, to accord relief to the debtor, or for other cause." Courts routinely open cases to add inadvertently omitted creditors, see, Matter of Stark, 717 F.2d 322 (7th Cir. 1983); In re Rosinski, 759 F.2d 539 (6th Cir.1985), and refuse to reopen cases where there is fraud or reckless disregard by the debtor in failing to schedule a creditor. In re Smith, 68 B.R. 897, 901 (Bkrtcy.N.D.Ill. 1987); In re Long, 93 B.R. 791 (Bkrtcy.M. D.Ga.1988). However, if, as some courts have found, "[t]he filing of an amended creditor schedule after discharge has been granted in a no-asset Chapter 7 case has absolutely no effect on the dischargeability of debt," In re Karamitsos, 88 B.R. 122 (Bkrtcy.S.D.Tex.1988), reopening to allow amendment of an already discharged obligation is futile. In re Anderson, 72 B.R. 495, 497 (Bkrtcy.D.Minn.1987).

Section 727(b) of the Bankruptcy Code provides that discharge "discharges the debtor for all debts that arose before the date of the order for relief," except as provided in Section 523. There is no distinction between debts listed or not listed on the debtor's bankruptcy schedules. Ten exceptions to discharge are contained in Section 523. These are, in general terms, taxes, alimony and child support, fines or penalties, educational loans, judgments arising from drunk driving cases, debts excepted from discharge in a prior bankruptcy case, three categories of intentional tort claims involving claims arising from false pretenses, fraud or the use of false financial statements, claims involving defalcation by a fiduciary, embezzlement, or larceny, and willful and malicious injury. All others are normally discharged.

In asset cases, Section 523(a)(3)(A) bars discharge of a debt which was "neither listed nor scheduled ... in time to permit ... timely filing of a proof of claim." The proof of claim enables a creditor to share in any distribution of assets of the estate. If, as here, there are no assets for distribution, whether the creditor has notice in time to file a claim has no meaning. "The unlisted creditor is not prejudiced by the debtor's failure to list him because he would not have received a distribution anyway." *In re Smolarick,* 56 B.R. 720, 723 (Bkrtcy. W.D.Va.1986). In this case, as in all no-asset cases, the notice for meeting of creditors sent out by the Clerk's office contained the following paragraph: "Creditors: Do NOT file claims at this time. Debtor schedules indicate no assets exist from which to receive a dividend." Creditors who received notice of the Debtors' bankruptcy were advised not to file claims. This notice not to file a claim is the only notice the VA missed.

Since Section 523(a)(3)(A) does not apply, the debt the Debtor seeks to add to the schedules is already discharged, unless that debt falls within one of the other exceptions to discharge (such as taxes, alimony and child support, etc.). If the debt is of the kind from discharge by Section 523, scheduling it will not change that fact.

Accordingly, the Debtors' motion to reopen is denied.