**In re Tommy Lewis SHIPMAN and Sharon Moore Shipman, Debtors.**

**Bankruptcy No. 88–04275.**

United States Bankruptcy Court, N.D. Florida, Pensacola Division.

Oct. 31, 1991.

Harold Peek, Valparaiso, Fla., for debtors.

Edward Bryan Wilson, Asst. U.S. Atty., Tallahassee, Fla., for Veterans Admin.

James R. McAtee, Pensacola, Fla., trustee.

## ORDER REOPENING BANKRUPTCY CASE

LEWIS M. KILLIAN, Jr., Bankruptcy Judge.

This matter is before the Court on the Debtors' Motion to Reopen the Bankruptcy to Allow Scheduling of Omitted Creditor. On the debtors' schedules they did not list the Veterans Administration ("VA") as a creditor. After the debtors' discharge was granted, the United States of America, on behalf of the VA, filed, on May 20, 1991, a complaint in the United States District Court for the Northern District of Florida alleging that the Shipmans were indebted to the United States in the principal amount of $8,635.64, and accrued interest of $964.47, as of January 31, 1991. The Shipmans answered the complaint with a motion to dismiss that asserted that the debt was discharged in the bankruptcy. The District Court denied the motion to dismiss and found that the debt was not discharged unless and until the bankruptcy proceeding was concluded. Following this order, the debtors filed their motion to reopen the bankruptcy case. For the reasons set forth below, the motion to reopen is granted.

The District Court's order refers to our previous decision, *In re Anderson*, 104 B.R. 427 (Bankr.N.D.Fla.1989), where we held that it is not necessary to reopen a no-asset case to reschedule an omitted creditor because all debts in such a case are discharged regardless of whether the debt is listed or scheduled. We recognize that this position is in the minority of cases ruling on the issue, however, it is gaining strength. A recent decision, *In re Guzman*, 130 B.R. 489 (Bkrtcy.W.D.Tex.1991), relied upon the decisions of other courts that agreed with our position in *Anderson*. *See, In re Mitchell*, 47 B.R. 209 (Bkrtcy. N.D.Tex.1985); *In re Parmer*, 98 B.R. 277 (Bkrtcy.N.D.Tex.1989); *In re Karamitsos*, 88 B.R. 122 (Bkrtcy.S.D.Tex.1988); *In re Dye*, 108 B.R. 135 (Bkrtcy.W.D.Tex.1989); *In re Mendiola*, 99 B.R. 864 (Bkrtcy. N.D.Ill.1989); and *In re Anderson*, 72 B.R. 495 (Bkrtcy.D.Minn.1987). The court in *Guzman* stated that "motions to re-open solely to schedule a previously unlisted creditor in a no-asset case is [sic] an unnecessary exercise in futility." *Guzman, supra*, 130 B.R. at 490. It went on to recognize "that scheduling or not scheduling a creditor has no impact on whether that

creditor's claim is discharged" because § 727(b) discharges all pre-petition debt regardless of whether the debt is listed on the debtor's schedules. *Id.* at 490–91.

The District Court does not appear to disagree with this view, but instead appears concerned with the inequities of discharging debts when creditors did not have any knowledge of the bankruptcy or any opportunity to object to the discharge. The Court cites to *In re Bilder*, 108 B.R. 666 (Bankr.E.D.Wis.1989), which required that before the unscheduled debt could be discharged, the debtor must reopen the case to amend the schedules and give the omitted creditor an opportunity to object to the discharge.

Without adopting *Bilder* or rejecting this Court's *Anderson* case, the District Court has, instead, focused on the issue of fraud or intentional design in the original failure to schedule the omitted creditor. The Court cites to the language of the Eleventh Circuit in *In re Baitcher*, 781 F.2d 1529 (11th Cir.1986), which addressed the issue and stated—

> We accept, as the Seventh Circuit does, that under the new law the old prophylactic rule [debts not discharged if they had not been duly scheduled in time for proof and allowance] does not in a no-asset case any more deny a discharge to one who has failed to schedule for reasons of honest mistake, not "fraud or intentional design." This would be an inequitable result, in the absence of prejudice. Hence, if Baitcher can show absence of fraud or intentional design, she should have her discharge …

*Baitcher, supra,* 781 F.2d at 1534. The District Court interprets that language to prohibit the order of discharge from being amended, *"nunc pro tunc,* without the debtor establishing an absence of fraud, and without affording the omitted creditor its opportunity to contest dischargeability." The District Court's order provides that "[i]f the bankruptcy division concludes that discharge can be determined without reopening, consistent with the debtor establishing absence of fraud and the affected creditor.... having an opportunity to contest discharge, then I see no problem with that procedure."

■ It is still clear that a bankruptcy case should not be reopened to merely allow the debtor to reschedule an omitted creditor, and that doing so will have no effect on the dischargeability of that debt. However, following the dictates of *Baitcher,* a case may be reopened for the purposes of determining whether the debt has been already discharged and to give the omitted creditor an opportunity to object to the discharge of its claim. Once the case has been reopened, the debtor has the burden of proving that the failure to schedule the creditor was not due to fraud or intentional design. If that burden is not met, then the debt will not be discharged. Additionally, the creditor should be given a determinate length of time, now that it is on notice of the bankruptcy, to file a complaint under § 523(a)(2), (4), or (6).

■ Bankruptcy Rule 4007(c) gives a creditor 60 days from the meeting of creditors to file a complaint objecting to dischargeability under § 523(a)(2), (4), or (6). Rule 4007(c) permits a creditor to file a complaint objecting to dischargeability under the other subsections of § 523(a) at any time. Since the VA had no notice of the meeting of creditors, if it desires to file a complaint objecting to dischargeability under § 523(a)(2), (4), or (6), it shall be given 60 days from the date of this order to do so. Accordingly, it is

ORDERED AND ADJUDGED that the case will be reopened for the sole purpose of establishing whether the omission of the Veterans' Administration was done intentionally or fraudulently, it is

FURTHER ORDERED that the Veterans' Administration has 60 days from the date of this order to object to the dischargeability of its debt under Bankruptcy Code §§ 523(a)(2), (4), or (6).

DONE AND ORDERED.