**In re Judy GRABINSKI, Debtor.**

**Bankruptcy No. 88 B 13773.**

United States Bankruptcy Court, N.D. Illinois, E.D.

Feb. 3, 1993.

---

Ascher Feren, Chicago, IL, for debtor.

Albert Arnstein, Arnstein & Zeller, Skokie, IL, for Boulevard Bank.

M. Scott Michel, Office of the U.S. Trustee, Chicago, IL.

Richard J. Mason, Ross & Hardies, Chicago, IL, interim trustee.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW ON DEBTOR'S MOTION TO REOPEN HER CASE TO AMEND SCHEDULES

JACK B. SCHMETTERER, Bankruptcy Judge.

Debtor Judy Grabinski has moved to reopen her Bankruptcy Case to allow her to amend her schedule of creditors to add the Boulevard Bank ("Boulevard" or the "Bank"). She also moves that a new date be set for the newly listed creditor to file objections to discharge and/or dischargeability. She also moves the Court to vacate her discharge to permit the Bank to file such objections. Boulevard Bank has objected, arguing that Debtor has already reaffirmed her debt. At a status hearing, both parties stipulated to certain facts and documents, and then waived their right to submit further evidence and rested on the record. The parties stipulated to the facts alleged in ¶¶ 1 through 10 of Boulevard Bank's Memorandum in Opposition to Debtor's Motion, and in ¶¶ 11 and 12 of Debtor's Reply Memorandum in Support of her Motion. The stipulated documents are Exhibits 1 through 5 attached to the Bank's Memorandum in Opposition. Having considered the pleadings, stipulations, and arguments of counsel, the Court now makes and enters these Findings of Fact and Conclusions of Law:

### FINDINGS OF FACT

1. On July 15, 1988, Debtor and Boulevard Bank ("Boulevard") entered into a loan agreement whereby Boulevard lent Debtor $5,000, and Debtor agreed to pay off the loan plus interest in 48 monthly installments of $139.55. Bank Ex. 3(2). The loan was unsecured. *Id.*

2. On September 9, 1988, Debtor filed her voluntary petition for relief under Chapter 7 of the Bankruptcy Code. 11 U.S.C. § 701 *et seq.* She did not list her debt to Boulevard on her schedules. She alleges in her motion that this omission was "inadvertent", Debtor's Motion at ¶ 3, and Boulevard has not contested that allegation. While the Bank argues that prejudice to it might bar a re-opening to schedule that debt now, it does not demonstrate such prejudice.

3. On March 6, 1989, the Chapter 7 trustee filed a report, finding no assets to administer. On March 24, 1989, the Court set a date for reaffirmation hearing, and subsequently Debtor was granted a discharge. Debtor did not appear for the reaffirmation hearing.

4. Despite filing her bankruptcy petition, Debtor timely paid to Boulevard Bank every installment due under the loan agreement from July 1988 to August 1989. She made twelve such payments after filing her bankruptcy case. The Bank thereby benefitted by debtor's omissions of it from her bankruptcy schedule and her voluntary payments afterwards.

5. In September 1989, Debtor stopped making payments. However, on January 22, 1990, she had a telephone conversation with Mr. Albert Arnstein, Boulevard's attorney in this matter, in which she prom-

ised to try to catch up on the schedule payments by making double payments each month until the loan was current. This arrangement was confirmed by a letter from Mr. Arnstein to Debtor, Bank Ex. 1, and a letter from Debtor to Mr. Arnstein, Bank Ex. 2.

6. At some time after Debtor received her discharge, her attorney advised her that it was not necessary to amend the list of creditors filed in the Bankruptcy Court.

7. On February 14, 1991, Boulevard filed suit against Debtor in the Circuit Court of Cook County against Debtor in case No. 91 M1–111359. Before that suit was filed, the Bank was aware of the Debtor's filing in bankruptcy. In its complaint, Boulevard alleged that Debtor defaulted on her obligations under the loan agreement and owed $4,066.30 plus attorney's fees. Bank Ex. 3(1). Boulevard further alleged that Debtor "reaffirmed her debt on January 24, 1990" by her letter to Mr. Arnstein. *Id.* However, there was no allegation that a reaffirmation agreement was executed pursuant to 11 U.S.C. § 524, nor were there allegations of any of the elements necessary to establish compliance with § 524(c) and (d).

8. In her answer filed *pro se,* Debtor admitted that she was in default of the loan agreement, but she denied that she had reaffirmed the debt. Bank Ex. 4. There was, however, no reference in her answer to the elements of reaffirmation under § 524(c) and (d).

9. On January 21, 1992, a bench trial was held by the state court judge on this complaint. Afterwards, the judge entered a handwritten judgment order prepared by Boulevard's counsel. That order stated:

This cause coming to be heard on the trial in [*Boulevard Bank v. Grabinski,* 91M1–111359], Plaintiff and Defendant appearing and this Court having reviewed the pleadings and finding that notwithstanding Defendant's bankruptcy proceedings in her No Asset case filed in 1988 in which she failed to list Plaintiff's indebtedness, but continued to make payments to Plaintiff through 1989, and reaffirmed for this her debt by letter of June 24, 1990; and having been fully advised and having jurisdiction:

It is ORDERED that judgment be and is hereby entered in favor of Plaintiff Boulevard Bank N.A. against Defendant Judith Grabinski for the sum of $4,366.30 and costs.

Bank Ex. 5.

Conspicuously absent from this judgment order was any finding that the agreement between Boulevard and Debtor complied with § 524, and there were no factual findings made that could support any such conclusion. Moreover, there is no evidence before this Court to demonstrate that Boulevard argued or that the state court considered whether the parties complied with the requirements of § 524(c) and (d), or that any evidence was presented to the Court on this issue. Indeed, the pleadings and ruling are consistent with an adjudication that a novation under state law was found to have been entered into. Debtor did not appeal from the state court judgment.

10. Further facts set forth in the Conclusions of Law will stand as additional Findings of Fact. Legal standards set forth in the Findings of Fact will stand as additional Conclusions of Law.

## CONCLUSIONS OF LAW

1. Debtor's motion is before the Court pursuant to 28 U.S.C. § 157 and Local District Rule 2.33. The Court has subject matter jurisdiction over the motion pursuant to 28 U.S.C. § 1334, and this is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O).

2. Boulevard objects to the motion, arguing first that a debtor cannot reopen a case in order to seek a discharge on a reaffirmed debt. As a general matter, this contention is correct. By entering into reaffirmation agreements, debtors make themselves legally bound to pay pre-petition debts despite their discharges in bankruptcy. *See In re Artzt,* 145 B.R. 866, 868 (Bankr.E.D.Tex.1992) ("a reaffirmation agreement has the effect of reaffirming a debtor's pre-existing in personam liability

on the underlying obligation giving rise to the debt. Therefore, the debtor's obligation on the debt is unchanged by operation of the Bankruptcy Code"). The Bankruptcy Code specifically gives debtors 60 days from the date that the agreement is filed with the court or until the date of discharge (whichever is later) to rescind these agreements. 11 U.S.C. § 524(c)(4). After that time, debtors are bound by reaffirmation agreements just as they would be bound by any other contract in a non-bankruptcy environment.

3. Debtors who do not want to be bound by such an agreement may choose to repay their debts voluntarily. 11 U.S.C. § 524(f). Debtors who follow this path have the right to stop making payments without legal consequences. Ginsberg & Martin, *Bankruptcy: Text, Statutes, Rules*, § 11.08[d][1] (3rd Ed.1992). Debtors usually choose to enter into reaffirmation agreements when they receive valuable consideration in the form of an agreement by the creditor to forbear on the exercise of its rights against collateral. *Id.* Reopening a case in order to grant a discharge on a debt reaffirmed under § 524 would be improper against creditors who are entitled to rely upon such reaffirmation agreements. Furthermore, reopening a case for such a reason would also be contrary to the rescission procedure set out in § 524(c)(4). Therefore, a case should not be reopened for the purpose of enabling debtors to rescind their reaffirmation agreements. *See In re Smith*, 35 B.R. 95 (Bankr.W.D.Ky.1983) (denying a debtor's motion to reopen a case in order to disavow a reaffirmation agreement).

4. Did Debtor reaffirm her loan agreement with Boulevard in this case? The state court found that Debtor had "reaffirmed" the debt. Should that statement in the judgment order be given collateral estoppel here because Debtor did not appeal from that judgment?

5. The debtor's letter of January 1990 cannot be construed to be a reaffirmation agreement in bankruptcy, because there was no compliance with 11 U.S.C. § 524. This agreement was not obtained

before Debtor received her discharge as is required by § 524(c)(1). *See In re Whitmer*, 142 B.R. 811, 813–14 (Bankr.S.D.Ohio 1992) (reaffirmation agreements executed post-discharge are not enforceable). The letter did not contain a "clear and conspicuous statement which advises the debtor that the agreement [to repay the loan notwithstanding her discharge in bankruptcy] may be rescinded at any time ... within sixty days after such agreement is filed with the court ...", as is required by § 524(c)(2). *In re Thomas*, 72 B.R. 223, 226 (Bankr.M.D.Ala.1987) (lack of conspicuous advisory language makes the reaffirmation unenforceable). The agreement was not filed with the Bankruptcy Court, as is required by § 524(c)(3). *Id.* Finally, Debtor never appeared before this Court at a § 524(d) reaffirmation agreement, as is required by § 524(c)(5). *See Transouth Financial Corp. of Florida v. Johnson*, 931 F.2d 1505, 1509 n. 6 (11th Cir.1991) (discussing the nature of court appearance on reaffirmation agreements, as required by § 524). Therefore, if the state court intended to rule that Debtor had reaffirmed her debt under Title 11 U.S.C. § 524, that would have been in error.

6. In order to give the state court judgment collateral estoppel effect here, four requirements must be met: (1) the issue sought to be precluded must be the same as that involved in the prior action; (2) the issue must have been actually litigated to final judgment; (3) the determination must have been essential to the final judgment; and (4) the party against whom estoppel is invoked must have been fully represented in the final action. *Klingman v. Levinson*, 831 F.2d 1292, 1295 (7th Cir. 1987).

7. The state court had jurisdiction to determine whether the loan agreement was reaffirmed during Debtor's bankruptcy case. Bankruptcy courts have exclusive jurisdiction to approve the execution of a reaffirmation agreement. *See* § 524(c)(6) (requiring court approval of agreements entered into by *pro se* litigants), and § 524(d) (requiring debtors to appear before the court at reaffirmation

hearings). However, state courts have the jurisdiction to determine whether a valid reaffirmation has occurred before the bankruptcy court when a creditor sues a debtor to enforce an allegedly reaffirmed debt. *Cf. In re David*, 106 B.R. 126, 130 (Bankr.E.D.Mich.1989); *In re Marriage of LaShelle*, 213 Ill.App.3d 730, 157 Ill.Dec. 726, 729, 572 N.E.2d 1190, 1993 (2nd Dist. 1991); *Indiana University v. Canganelli*, 149 Ill.App.3d 852, 103 Ill.Dec. 278, 280, 501 N.E.2d 299, 301 (1st Dist.1986) (all holding that state courts have concurrent jurisdiction to determine dischargeability under § 523(a)(3), (5), and (8)). *See also State of New York Higher Educ. Services Corp. v. Rochlitz*, 132 Misc.2d 664, 666, 505 N.Y.S.2d 354, 355 (1986), which held that

> where a creditor brings suit against the bankrupt after discharge, the question of whether the debt was discharged or falls within one of the statutory exceptions to discharge is ordinarily one to be resolved by the local court in which the suit on the debt was brought.

8. This result is made clear by the statute conferring jurisdiction over bankruptcy matters. Section 1334 of the Judicial Code, title 28, U.S.C., provides in relevant part,

> (a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.
>
> (b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11 or arising in or related to cases under title 11.

28 U.S.C. § 1334(a) and (b). A post-discharge motion that seeks a ruling on the effect of an alleged reaffirmation agreement is a proceeding that arises under Title 11. *See In re Pettibone Corp.*, 135 B.R. 847, 851 (Bankr.N.D.Ill.1992), *quoting In re Spaulding & Co.*, 131 B.R. 84, 88 (Bankr.N.D.Ill.1990) (" 'arising under' juris-

diction ... encompasses proceedings that involve a cause of action 'created or determined by a statutory provision of title 11.' "). This point is clear from the legislative history of 28 U.S.C. § 1471(b) (1978), which is the predecessor to § 1334(b): [1]

> Very often, issues will arise after the case is closed, such as over the validity of a purported reaffirmation agreement, proposed 11 U.S.C. [§] 524(b), the existence of prohibited post-bankruptcy discrimination, proposed 11 U.S.C. [§] 525, the validity of securities issued under a reorganization plan, and so on. The bankruptcy courts will. be able to hear these proceedings because they arise under title 11.

H.R.Rep. No. 595, 95th Cong., 1st Sess. 445 (1977). Thus, federal courts have original but not exclusive jurisdiction over such proceedings because the source of jurisdiction is § 1334(b).

9. Therefore, the state court had jurisdiction to determine whether the Debtor's alleged reaffirmation of the loan agreement took place before the bankruptcy court. However, as discussed in the Findings above, the evidence does not establish that the parties actually litigated before the state court the issue of whether a reaffirmation agreement pursuant to § 524 was executed, or came to hearing before a bankruptcy judge, or that the state court judge made any determination under 11 U.S.C. § 524.

■ 10. Indeed, Boulevard itself argues that the state court found that Debtor was liable for the debt based on common law novation. The state court may well have found from the evidence that a novation under state law occurred. The elements of novation are, "(1) a previous valid obligation; (2) a subsequent agreement of all the parties to the new contract; (3) the extinguishment of the old contract and (4) the validity of the new contract." *Greenbaum & Browne, Ltd. v. Braun*, 88 Ill. App.3d 210, 43 Ill.Dec. 303, 307, 410 N.E.2d 303, 307 (1st Dist.1980). The exhibits at-

---

**1.** Section 1334(b) is identical to its predecessor, § 1471(b). 1 *Collier on Bankruptcy,* ¶ 3.01[c][ii] (15th Ed.1992). So the legislative history of § 1471(b) is an authoritative guide for the interpretation of § 1334(b).

tached to Boulevard's complaint would tend to prove that the parties had a valid obligation prior to the bankruptcy filing, and that they subsequently agreed to a new arrangement. This could well be a novation under state law. However, it nowhere appears that the requirements of 11 U.S.C. § 524 were ever cited to the state court judge, let alone ruled on by that court.

11. Collateral estoppel is an affirmative defense. *La Preferida, Inc. v. Cerveceria Modelo, S.A.*, 914 F.2d 900, 906 (7th Cir.1990). As such, the party asserting it has the burden of establishing all the elements thereof. *Id.* In this case, Boulevard is the party asserting collateral estoppel. Since it has failed to prove that the issue of reaffirmation under the Bankruptcy Code was actually litigated in the state court, the judgment order entered therein cannot be given collateral estoppel effect in this Court. Under the Supremacy Clause, Article VI(2) of the United States Constitution, the finding of novation by the state court judge cannot be allowed to create a debt in violation of the Bankruptcy Code. And while the state court had authority to decide bankruptcy reaffirmation issues under the Bankruptcy Code, it did not do so.

12. Accordingly, collateral estoppel does not apply to bind this Court to a finding of reaffirmation under federal law. As previously discussed, no reaffirmation occurred under bankruptcy law because neither Boulevard nor Debtor complied with the requirements of § 524(c) and (d) in creating and executing the necessary agreement. Therefore, Debtor's obligation to the Bank was discharged. Accordingly, Boulevard's actions in attempting to collect on its debt through suit in state court were in violation of 11 U.S.C. § 524(a)(1) and (2), and the judgment obtained in state court is void under 11 U.S.C. § 524(a)(1).

13. The final issue is whether to allow Debtor's motion to reopen the case. For reasons stated in *In re Mendiola*, 99 B.R. 864 (Bankr.N.D.Ill.1989) (Barliant, J.), the reopening of a debtor's no-asset case merely to list an omitted creditor on the schedule of creditors would be a futile gesture. However, here Boulevard should have had the right to object to Debtor's discharge pursuant to 11 U.S.C. § 727 or to the dischargeability of its debt pursuant to 11 U.S.C. § 523. Since that Bank was not scheduled, it was never able to assert this right. *See In re Linda Walker*, 149 B.R. 511 (Bankr.N.D.Ill.1992) (where this Court held that denying an unscheduled creditor the right to file such complaints when it never received notice of the filing deadlines violated that creditor's due process rights). Therefore, the Debtor's motion to reopen this case for the purpose of allowing Boulevard opportunity to file an Adversary Complaint objecting to discharge and/or dischargeability will be allowed. *See Mendiola*, 99 B.R. at 870 (reopening a case for this purpose allows the creditor a fair opportunity to contest the discharge of its debt).

## CONCLUSION

Accordingly, by order entered separately this day, Debtor's motion to reopen her case is granted. Debtor never reaffirmed the loan agreement pursuant to 11 U.S.C. § 524, and thus her obligation to Boulevard may be discharged as a pre-petition debt. The case will be reopened to allow Boulevard a fair opportunity of at least 60 days to file an Adversary Complaint objecting to discharge and/or dischargeability. There is no need to vacate the discharge order at this time, but the same will stand subject to the outcome of any such complaint to be filed by the Bank.

Had the state judge reached and interpreted bankruptcy law to determine whether there had been a reaffirmation before this Court, jurisdiction lay in that court to make such a determination. Had that judge done so and ruled erroneously, absence of any appeal therefrom by Debtor might have bound the Debtor, although the effect of 11 U.S.C. § 524(a)(1) in that situation would then have to be analyzed. However, it has not been shown that bankruptcy reaffirmation has been even presented to or considered by the state judge, let alone adjudicated. Therefore, the action in state court was statutorily enjoined and the

resulting judgment is void under 11 U.S.C. § 524(a)(1).