**In re Linda Smith LOWERY, Debtor.**

**Bankruptcy No. 87–4106–8P7.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Aug. 3, 1995.

Malka Isaak, Tampa, FL, for debtor.

William W. Wilhelm, Kass Hodges, P.A., Clearwater, FL, for Bay Gulf Federal Credit Union.

Dennis LeVine, Kass Hodges, P.A., Tampa, FL, Bay Gulf Federal Credit Union.

## ORDER ON RENEWED MOTION TO IMPOSE SANCTIONS

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a reopened Chapter 7 case and the matter under consideration is a Renewed Motion to Impose Sanctions Against Bay Gulf Federal Credit Union and Creditor's Counsel, William Wilhelm, Esquire, filed by the Debtor. The facts which appear from the record including facts set forth in the documents attached to the Motion are without dispute and could be summarized as follows.

The Debtor filed her original Petition for Relief under Chapter 7 without aid of counsel in proper person on July 30, 1987. Bay Gulf Federal Credit Union (Bay Gulf) was properly scheduled by the Debtor as a secured creditor and, of course, received all appropriate notices. The record further reveals that the Debtor, pursuant to § 521(2)(A) of the Bankruptcy Code filed a Notice of Intention and stated that she did not intend to keep the collateral of Bay Gulf and is willing to surrender the same.

On August 6, 1987, Bay Gulf filed a Motion and sought relief from the automatic stay or in the alternative for adequate protection. In light of the Debtor's stated intention this Court entered and Order and denied the Motion as moot. On November 23, 1987, the Debtor received her general Bankruptcy Discharge.

It appears that on December 23, 1987, the Debtor executed a new Promissory Note (Note) in favor of Bay Gulf in the principal amount of $25,122.00, composed of the sum of $23,122.00 which is exactly the amount of the original Note which represented the obligation which has been discharged in bankruptcy plus $2,000.00 in attorney fees charged by Bay Gulf in connection with the discharged debt. This Note was also collat-

eralized by the identical collateral of the previous Note, a 24 × 52 Skyline Woodfield mobile home.

On February 2, 1995, Bay Gulf filed a Complaint against the Debtor in the Circuit Court in and for Hillsborough County and sought a money judgment against the Debtor for the amount of $30,244.85 plus interest and attorney fees, which represented a deficiency claim asserted by Bay Gulf after the collateral, the 1984 Skyline, was repossessed and sold. The Complaint was based on the original Promissory Note executed by the debtor on March 26, 1984, which represented the discharged obligation of the Debtor. The Complaint was signed by William W. Wilhelm, an attorney (Wilhelm). However, the Alias Summons was procured by the law firm of Kass, Hodges, P.A. (law firm). In this connection it should be pointed out that it is without dispute that Mr. Wilhelm was not a member of that law firm or associated with that law firm.

Based on the facts as outlined and all of which are without dispute, it is the contention of counsel for the Debtor that the filing of the Complaint based on the 1984 Promissory Note was a violation of the permanent injunction issued in connection with granting a discharge pursuant to § 524 of the Bankruptcy Code. Counsel for the Debtor also contends that the Debtor, who was a former employee of Bay Gulf was coerced and intimidated and pressured into a reaffirmation of the previous obligation owed to Bay Gulf by the execution of a new Note pursuant to which she agreed to pay back a total of $45,600.70 (Exhibit D to the Complaint). The Debtor further contends, which is without dispute, that the Debtor did not enter into any reaffirmation agreement as such and, of course, none was approved by this Court, which by virtue of § 524(c)(6)(A) is a condition precedent to the enforcement of a reaffirmation agreement if it involves an individual Debtor not represented by counsel. It is the Debtor's contention that based on the foregoing she is entitled to be compensated for costs which were incurred for attorney fees and expenses and in addition to be compensated for damages suffered as a result of the "monthly payments" made under the sec-

ond Note for a period of approximately 7 years. She also contends she suffered extreme emotional distress from creditor harassment and seeks an award of damages to compensate her for actual financial losses caused by Bay Gulf and the attorney for Bay Gulf Mr. Wilhelm and Kass Hodges, P.A. Finally, the Debtor seeks a finding by this Court that Bay Gulf and Mr. Wilhelm are in contempt of Court for violating the permanent injunction issued pursuant to § 524(a)(2), and to impose sanctions against Bay Gulf and Mr. Wilhelm.

In defense, counsel for Bay Gulf asserts that the attachment of the original Promissory Note to the complaint was just an oversight or an innocent mistake; that the execution of the second Note was a novation entered into by the Debtor post-discharge, thus created a new obligation not barred by the bankruptcy discharge and, for these reasons, the Debtor is not entitled to any relief she seeks. It is also pointed out by counsel for Bay Gulf that the Debtor's Motion did not seek the imposition of sanctions, as such, against Kass, Hodges, P.A., but only against Mr. Wilhelm, individually, and thus it would be inappropriate to entertain any request for sanctions against Kass, Hodges, P.A.

Considering the undisputed facts there is hardly any question that Bay Gulf did violate the permanent injunction, as did Mr. Wilhelm. The argument that attachment of the old Promissory Note to the Complaint was just an innocent mistake is belied by the second paragraph of the complaint in which it is clearly stated that the complaint was based on the Promissory Note executed by the Debtor on March 26, 1984, and not on the Note which was executed by the Debtor post-discharge. Thus, it is evident that the suit was brought against the Debtor to enforce an obligation which was discharged in Bankruptcy. Even assuming without conceding that Bay Gulf has since filed an Amended Complaint and now is suing or attempting to sue the Debtor on the Promissory Note, that is the Note executed by the Debtor post-discharge, it is doubtful whether or not this is an enforceable obligation unless this Court is inclined to accept the proposition urged by counsel for Bay Gulf that this was a new

obligation and not a reaffirmation or merely a rewriting of the old discharged obligation.

This Court is constrained to reject this proposition for the simple reason that it is clear from this record that the Promissory Note executed by the Debtor on December 31, 1987, was in the identical amount as the original Note, albeit it included $2,000 in attorney fees, which also related to the original discharged obligation. The new Note was secured by the identical collateral, that is, the mobile home described earlier. There is no evidence in this record that this Debtor received any additional consideration for the execution of this new Promissory Note, with the possible exception that the Note carried a 12% annual rate of interest, however, while the original Note carried a rate of 14% per annum, and under the first Note the amount financed was $9,642.63 and under the second Note the amount financed was $19,947.70, representing a total obligation of $45,069.70 unlike the original Note on which the original obligation was $32,764.63. The balloon payment under the first Note was $21,903.43 and the balloon payment on the second Note was $22,096.13. While it is true that the Debtor retained possession of the mobile home it is also true that she made monthly payments on same to Bay Gulf for several years until recently which she intended to surrender, the fact remains that the obligation created by the execution of the second Note was far greater and, of course, included the debt which had been discharged. Thus even disregarding the contention that the execution of the second Note by the Debtor was the result of improper pressure or coercion of which there is no evidence in this record, there is no question that the second Note was nothing more than a disguised reaffirmation agreement which was not executed in compliance with the requirements set forth in § 524(c) and most importantly was never approved by this court. This being the case there is hardly any doubt that pursuing the collection of a discharged obligation was willful and a knowing violation of the permanent injunction and was not due to oversight or an innocent mistake. As noted earlier Bay Gulf was fully aware of the Debtor's bankruptcy, participated in the original Chapter 7 case and it ill behooves Bay Gulf to contend now that when it directed counsel to pursue collection of a discharged obligation it was an innocent mistake under the circumstances. Based on the foregoing, this Court specifically finds that Bay Gulf Federal Credit Union and William W. Wilhelm, Esquire, are guilty of civil contempt for willful, knowing violation of the permanent injunction issued by this Court in connection with the Debtor's discharge.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Debtor is entitled to an award of damages the amount of which will be determined by this Court later upon appropriate proof established at a separate hearing for this purpose.

DONE AND ORDERED.