In re Keithroy A. FRANCIS, Debtor.

Keithroy A. Francis, Plaintiff,

v.

National Revenue Service,
Inc., Defendant.

Bankruptcy No. 05–45985–BKC–LMI.
Adversary No. 09–1630–BKC–LMI.

United States Bankruptcy Court,
S.D. Florida.

Feb. 24, 2010.

Robert Sanchez, Esq., Hialeah, FL, for Debtor/Plaintiff.

Jennifer A. Margolis, Esq., Coral Gables, FL, Defendant.

### ORDER DENYING IN PART AND GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

LAUREL M. ISICOFF, Bankruptcy Judge.

This matter came before the Court upon the Motion for Summary Judgment (DE # 49) filed by Plaintiff Keithroy Francis, the Response (DE # 53) filed by Defendant National Revenue Service, Inc. ("National"), and the Plaintiff's Reply (DE # 54). For the reasons stated below, the Plaintiff's Motion for Summary Judgment is DENIED in part and GRANTED in part.

### BACKGROUND FACTS[1]

The Plaintiff, Mr. Francis, filed his Chapter 7 petition on October 16, 2005. On December 30, 2005, the Trustee issued his Report of No Distribution. No proofs of claim were filed in the bankruptcy case

---

1. These facts are taken from the Complaint, the Motion for Summary Judgment, Plaintiff's Affidavit attached as an exhibit to the Summary Judgment Motion, the Response, and the Reply.

and the Court entered an order discharging the Plaintiff's debts on April 4, 2006. On October 5, 2006, National served Mr. Francis with a Summons for a suit brought in Miami–Dade County Court. A default final judgment in the amount of $4,201.99 plus interest was entered against Mr. Francis on November 13, 2006. Mr. Francis appeared at a deposition held at National's counsel's office on October 24, 2007 in aid of execution. At some point subsequent to this deposition, Mr. Francis entered into a payment plan with National. Mr. Francis subsequently defaulted on his payment plan and National filed a Motion for Continuing Writ of Garnishment in Miami–Dade County Court. On May 30, 2008, the parties entered into a Stipulation for Entry of a Final Judgment of Garnishment (the "Stipulation"). The state court proceeded to enter an Order Ratifying the Parties' Stipulation on June 12, 2008. In its Order, the court noted that the parties stipulated that Mr. Francis owed National $5,020.74 with interest continuing to accrue as of May 30, 2008.

On January 30, 2009, Mr. Francis filed a motion to reopen his bankruptcy case in order to add certain omitted creditors.[2] On April 15, 2009, this Court entered an Order reopening Mr. Francis' bankruptcy case. Approximately two months later, on June 12, 2009, Mr. Francis commenced this adversary proceeding against National seeking a judgment that his debt to National was dischargeable under 11 U.S.C. § 523(a)(3). National filed its Answer and Affirmative Defenses on July 8, 2009. In its Answer, National alleged that Mr. Francis purposefully omitted his debt to National in his bankruptcy petition and accompanying schedules. National contended that Mr. Francis had many opportunities to reopen his bankruptcy case after it was closed in April 2006, yet chose

not to do so, thus illustrating that Mr. Francis deliberately omitted the National debt from his bankruptcy schedules. Moreover, National argues, National has suffered undue expense and prejudice due to this delay and therefore, the relief sought by Mr. Francis is time-barred. National also argues that the Stipulation serves as an enforceable post-petition contract and is a novation of Mr. Francis' pre-bankruptcy obligation.

Mr. Francis filed the Motion for Summary Judgment on November 11, 2009. Mr. Francis contends that National's affirmative defenses are inapplicable, that because his was a no-asset case National suffered no prejudice, and that Mr. Francis is entitled to judgment as a matter of law as there is no genuine issue of material fact. National filed its Response on December 2, 2009, alleging that there are genuine issues of material fact in dispute. Mr. Francis filed his Reply on December 4, 2009.

## STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure is applicable to this adversary proceeding by virtue of Fed. R. of Bankr.P. 7056. Summary judgment is appropriate where the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

In deciding whether a genuine issue of material fact remains for trial, "the court must construe the facts and draw all reasonable inferences therefrom in the light

---

**2.** National was not one of the creditors listed   in Mr. Francis' motion.

most favorable to the party opposing summary judgment." *In re John's Bean Farm of Homestead, Inc.*, 378 B.R. 385, 387 (Bankr.S.D.Fla.2007) (citing *Cuesta v. Sch. Bd. of Miami–Dade County*, 285 F.3d 962, 966 (11th Cir.2002)). In evaluating whether an inference is reasonable, the court must "cull the universe of possible inferences from the facts established by weighing each against the abstract standard of reasonableness." *WSB–TV v. Lee*, 842 F.2d 1266, 1270 (11th Cir.1988) (quoting *Southway Theatres, Inc. v. Georgia Theatre Co.*, 672 F.2d 485, 493 (5th Cir. Unit B 1982)). The party moving for summary judgment bears the initial burden of demonstrating to the court that there is an absence of a genuine issue of material fact. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir.1993). This burden has been described by at least one court as an "exacting" one. *Warrior Tombigbee Transp. Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir.1983). If the movant meets its initial burden, then the non-moving party must show the existence of a genuine issue of material fact. *Fitzpatrick*, 2 F.3d at 1116. Summary judgment may be inappropriate even where "the parties agree on the basic facts, but disagree about the factual inference that should be drawn from these facts." *Warrior Tombigbee*, 695 F.2d at 1296. "If reasonable minds might differ on the inferences arising from undisputed facts, then the court should deny summary judgment." *Id.* at 1296–97.

### ANALYSIS

1. **The Plaintiff is not entitled to Summary Judgment merely because his bankruptcy case was a no asset case.**

■ "Exceptions to a debtor's general discharge are controlled by § 523(a), which encompasses congressional policy that certain debts should be excluded from discharge because of overriding public policy concerns relating to the type of debt, the manner in which the debt was incurred, or the underlying social responsibility that the debt represents." *In re Riley*, 202 B.R. 169, 174 (Bankr.M.D.Fla.1996). The burden of proof is on the party seeking to except the debt from the discharge and the standard of proof required in adversary proceedings brought under section 523 is a preponderance of the evidence. *Id.*

■ Section 727 of the Bankruptcy Code governs the discharge of debtors who have filed a bankruptcy petition under Chapter 7 of the Bankruptcy Code. Section 727(b) provides in pertinent part that "[e]xcept as provided in section 523 of this title, a discharge under subsection (a) of this section discharges the debtor from all debts that arose before the date of the order for relief under this chapter ..." 11 U.S.C. § 727(b). Exceptions to discharge are covered in Section 523 of the Bankruptcy Code. Section 523(a)(3)(A) provides:

(a) A discharge under section 727, 1141, 1228(a) 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(3) neither listed nor scheduled under section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom the debt is owed, in time to permit—

(A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing.

11 U.S.C. § 523(a)(3)(A). Section 350(b) of the Bankruptcy Code provides that "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for

other cause." 11 U.S.C. § 350(b). If a creditor does not have notice or actual knowledge of the case in time to file a proof of claim, debts other than the intentional tort debts specified in sections 523(a)(2), (4) and (6) will not be discharged if they are not scheduled in time for the creditor to file a proof of claim. *In re Cruz*, 254 B.R. 801, 806 (Bankr.S.D.N.Y. 2000). A debtor should not receive a discharge from a debt "if the unlisted creditor was prevented, by the action of the debtor, from exercising its right to fully participate in any possible distribution from the estate—such as filing a timely proof of claim." *Id.* Mr. Francis argues that the approach in "no-asset" cases is different, because if no deadline for filing proofs of claim has been fixed, then the exception under section 523(a)(3)(A) cannot apply, unless the debt falls under sections 523(a)(2), (4), or (6) of the Bankruptcy Code. *Judd v. Wolfe*, 78 F.3d 110, 114 (3d Cir.1996). However, this is not the law in the Eleventh Circuit.

■ In *Samuel v. Baitcher (In re Baitcher)*, 781 F.2d 1529 (11th Cir.1986), the Eleventh Circuit addressed the issue of whether summary judgment was appropriate where a debtor sought to discharge a debt that she had failed to schedule in a no-asset bankruptcy proceeding. In *Baitcher*, the debtor failed to schedule a debt arising out of a worker's compensation claim. The debtor sought to re-open her no-asset bankruptcy case to add this missing creditor in order to discharge her debt. *Id.* at 1531. The bankruptcy court allowed the debtor to re-open her case, concluding that the omitted creditor was not prevented from "timely filing of a proof of claim" because, since the debtor's case was a no-asset case, the creditor was

not prejudiced. *Id.* The court granted the debtor's summary judgment motion and discharged her unscheduled debt. *Id.* The district court affirmed the bankruptcy court's judgment.

The Eleventh Circuit held that summary judgment was inappropriate, observing that there were "contested issues of fact" in the case. *Id.* at 1534. The court noted that the bankruptcy court is ultimately a court of equity and that, therefore, the issue of whether an omitted debt should be discharged should depend, initially, on whether the debtor's omission of the creditor was innocent, or was intentional or fraudulent, an issue that cannot be resolved on summary judgment. *Id.* The court declined to articulate a per se rule on whether a debtor could discharge a debt that she failed to schedule in a no-asset case. *Id.*[3]

Mr. Francis cites *In re Anderson*, 104 B.R. 427 (Bankr.N.D.Fla.1989), for the proposition that the courts will not re-open a no-asset bankruptcy case to add an omitted creditor in a situation where that creditor would receive nothing anyway. However, Judge Killian receded from *Anderson* in *In re Shipman*, 137 B.R. 524 (Bankr.N.D.Fla.1991). In *Shipman*, chapter 7 debtors filed a motion to re-open their no-asset bankruptcy case to add an omitted creditor, the Veterans Administration ("VA"). Following the ruling in *Baitcher*, the *Shipman* court held that:

> a case may be reopened for the purposes of determining whether the debt has been already discharged and to give the omitted creditor an opportunity to object to the discharge of its claim. Once the case has been reopened, the debtor

---

**3.** In *In re Keenom*, 231 B.R. 116, 123 (Bankr. M.D.Ga.1999), the Bankruptcy Court observed that *Baitcher* filled a gap in the Bankruptcy Code which had previously "enabled unscrupulous debtors [to] obtain discharge of debts of the kind which would have been dischargeable in the case by fraudulently omitting such debts from their schedule ..."

has the burden of proving that the failure to schedule the creditor was not due to fraud or intentional design.

*Id.* at 526. The court ultimately held that the case should be re-opened solely to establish whether the omission of the VA was done intentionally or fraudulently. *Id.*

Mr. Francis also cites *Watson v. Parker* (*In re Parker*), 313 F.3d 1267, 1268 (10th Cir.2002), to support the proposition that a debtor's intent is irrelevant in determining whether to re-open a bankruptcy case in which there is no bar date and no assets to distribute. While the majority of courts apply what is known as the "mechanical approach," concluding that an "inquiry into the debtor's state of mind surrounding the omission, for purposes of determining whether § 523(a)(3) is implicated, is not relevant," *In re Cruz*, 254 B.R. at 810, the Eleventh Circuit, follows the "equitable approach." In the Eleventh Circuit, it is well established that a debtor's intent is relevant with respect to determining whether to re-open a no-asset case in order to discharge an omitted debt. *Baitcher*, 781 F.2d at 1534.[4]

Mr. Francis argues that his failure to include National in his initial bankruptcy schedules was "inadvertent," and nothing more than an honest mistake. Compl. ¶ 5. Mr. Francis further contends that there is "nothing in the pleadings and there is no discovery made to show the presence of fraud, false pretenses, or willful injury." Pl.'s Mot. to Dismiss, p. 5. National, in contrast, argues that Mr. Francis intentionally left this debt off his bankruptcy petition. Answer ¶ 5. The parties do not dispute the fact that on May 30, 2008, they entered into the Stipulation. The parties do, however, disagree as to the import of the Stipulation and the factual inferences

that can be drawn therefrom. National contends that Mr. Francis voluntarily entered into the Stipulation as evidence that Mr. Francis did not make a mistake in leaving National off of his petition. Mr. Francis counters by arguing that he believed he had to pay National the debt he owed them since he had not listed it in his bankruptcy petition and that he was unaware that he could include the debt on his bankruptcy case. Pl.'s Aff., p. 1.

In weighing all the facts in the light most favorable to National, the non-movant, summary judgment is inappropriate. Given the competing factual inferences that can be drawn based on the pleadings and the record, the granting of summary judgment would be improper. There does not appear to be anything unique regarding the debt owed to National such that it should have been omitted from Mr. Francis' schedules. Moreover, the fact that Mr. Francis voluntarily entered into the Stipulation with National after he had received his discharge provides at least some plausible support for the argument that Mr. Francis had purposefully left this debt off his bankruptcy petition. One could reasonably argue that Mr. Francis purposefully omitted this claim based on these facts. Conversely, Mr. Francis' assertion that he did not know he could add this debt to his bankruptcy case is also plausible. It is this very conflict that makes this case inappropriate for summary judgment.

**2. The Stipulation between the Parties does not meet the Reaffirmation Requirements under the Bankruptcy Code and is therefore unenforceable.**

■ Under Florida law, a novation is a mutual agreement between the parties

---

4. Assuming Mr. Francis is able to demonstrate his innocence in omission, Mr. Francis will still need to demonstrate the debt to National is dischargeable. There is no clear

description of the nature of National's claim against Mr. Francis upon which this Court can render a decision on this issue.

for the discharge of a valid existing obligation by the substitution of a new valid obligation. *Aronowitz v. Health–Chem Corp.*, 513 F.3d 1229, 1237 (11th Cir.2008). In assessing whether a novation has occurred, courts will examine whether the parties intended the new agreement to substitute for the prior agreement. *In re United Display & Box, Inc.*, 198 B.R. 829, 831 (Bankr.M.D.Fla.1996). The intent of the parties can be evidenced by the "facts, circumstances, and conduct" of the parties. *Id.*

National contends that a novation occurred when Mr. Francis voluntarily entered into the Stipulation. Mr. Francis argues novation is not recognized as an exception to discharge under the Bankruptcy Code or any other applicable rules. Moreover, Mr. Francis contends that even if novation could apply as an exception to discharge, it would not apply here because there was no consideration. Finally, Mr. Francis argues the debt is subject to the reaffirmation provisions of the Bankruptcy Code.

██ It well settled that reaffirmation agreements entered into after a debtor's discharge are unenforceable. *In re Le-Beau*, 247 B.R. 537, 539 (Bankr.M.D.Fla. 2000). In this case, however, while the issue of whether the debt should be discharged has not been resolved and, while National does not argue that it is seeking to reaffirm the debt under the reaffirmation procedures provided in sections 524(c) and (d) of the Bankruptcy Code, the Stipulation nonetheless runs afoul of this rule.

██ Commentators have suggested that any agreement to pay a discharged or *dischargeable* debt which does not meet the reaffirmation requirements set forth in sections 524(c) and (d) will not be given legal effect.[5] 4 *Collier on Bankruptcy*, ¶ 524.04. The protections of these Bankruptcy Code sections apply to those agreements not necessarily labeled "reaffirmations" but that nonetheless have the substantive effect of waiving the protections of the discharge. *See Rein v. Providian Fin. Corp.*, 270 F.3d 895 (9th Cir. 2001); *In re Zarro*, 268 B.R. 715 (Bankr. S.D.N.Y.2001); *In re Lowery*, 187 B.R. 761 (Bankr.M.D.Fla.1995). Debtors always have the option of voluntarily paying back any discharged or dischargeable debts under section 524(f) of the Bankruptcy Code. Voluntary payments under this section, however, are not equivalent to agreements to pay if they do not meet the requirements of sections 524(c) and (d). 4 *Collier on Bankruptcy*, ¶ 524.04 ("If an agreement to pay a discharged debt were permitted simply because it is voluntary, the reaffirmation requirements would be eviscerated."). Debtors who make payments under section 524(f) have the right to discontinue these payments at any time. *In re Grabinski*, 150 B.R. 427, 431 (Bankr.N.D.Ill.1993).

In *In re Cruz*, the Bankruptcy Court for the Southern District of New York considered whether a post-petition settlement agreement could serve as an enforceable reaffirmation agreement of a debt that was never listed in a "no-asset case." In *Cruz*, a creditor, whose claim had not been listed in a "no-asset" bankruptcy case, secured a

---

**5.** Section 524(c) of the Bankruptcy Code provides, in pertinent part, that:

(c) An agreement between a holder of a claim and the debtor, the consideration for which, in whole or in part, is based on a debt that is dischargeable in a case under this title is enforceable only to any extent enforceable under applicable nonbankruptcy law, whether or not discharge of such debt is waived, only if—

(1) such agreement was made before the granting of the discharge under section 727, 1141, 1228, or 1328 of this title ...

subsequent judgment against one of the debtors in state court. *Cruz*, 254 B.R. at 803. The debtor ultimately agreed to a voluntary settlement with the creditor which was signed by the debtor before a notary public. *Id.* at 803–04. The debtor never made any payments pursuant to the settlement agreement and the debtors eventually applied to re-open their case to amend their schedules to list the claim. The creditor argued that the formal requirements for entering into a reaffirmation agreement under the Bankruptcy Code did not have to be met since the debtors had effectively waived their discharge defense by entering into the settlement agreement. *Id.* at 813. The *Cruz* court began its analysis by noting that an agreement to reaffirm a debt will only be valid if it meets the requirements of sections 524(c) and (d). *Id.* The court rejected the creditor's argument that since the settlement agreement provided new consideration, it essentially functioned as a new contract not subject to the reaffirmation requirements of the Code, *id.* at 814, noting that "[i]f the consideration for the Settlement Agreement is based, *in whole or in part*, on a dischargeable debt, then the agreement must comply with § 524." *Id.* at 815 (italics in original).

In arriving at its conclusion, the *Cruz* court relied heavily on the holding in *In re Grabinski*, 150 B.R. 427. In *Grabinski*, the debtor failed to list one of her creditors in a "no-asset" case and subsequently had a judgment entered against her in state court. Prior to entry of the state court judgment, but after her discharge, the debtor had written a letter to her creditor promising she would "catch up" on her debt payments. *Id.* at 430. The bankruptcy court held that the debtor's letter to her omitted creditor, signed after her discharge, in which she agreed to make payments on the omitted debt, did not constitute a valid reaffirmation agree-

ment as it did not comply with the requirements of section 524. The court noted that even if the state court had decided that the letter constituted a novation under state law such a decision would not trump the statutory requirements of section 524 of the Bankruptcy Code. *Id.* at 433. In support of its position, the court observed that "[u]nder the Supremacy Clause, Article VI(2) of the United States Constitution, the finding of a novation by the state court judge cannot be allowed to create a debt in violation of the Bankruptcy Code." *Id.*

■ Here, there is no question that the Stipulation did not comply with the reaffirmation requirements set forth in section 524. There is also no question that the Stipulation is based, in whole or in part, on what may be a dischargeable debt owed to National. Neither National nor Mr. Francis addressed directly the issue of whether the Stipulation does or does not need to comply with the reaffirmation requirements of the Bankruptcy Code. However, the Stipulation clearly does not satisfy section 524 of the Bankruptcy Code and is therefore not enforceable. Accordingly, Mr. Francis is entitled to summary judgment on this issue. Since the Stipulation does not serve as the functional equivalent of a reaffirmation of debt, this Court need not address the issue of whether any new consideration was given in exchange for the Mr. Francis' agreement to pay.

### 3. It is not appropriate to strike the Response

■ In his reply brief, Mr. Francis asserts that National's Response is untimely pursuant to the Court Order (DE # 50) entered on November 16, 2009 giving the defendant fifteen days from the entry of the Order to respond to the Motion for Summary Judgment. The Response was filed one day late on December

2, 2009. The plaintiff has failed to demonstrate how a one-day delay has in any way caused it undue prejudice. While the Court certainly does not condone the defendant's late filing, striking the Response for this reason alone would be an unnecessary exercise in elevating form over substance. Even if this Court were inclined to strike the Response, the defendant has alleged facts in its Answer and Affirmative Defenses which give rise to a genuine issue of material fact and therefore, preclude summary judgment.

## CONCLUSION

Just as the court in *Baitcher* noted that the debtor could have her chance to demonstrate the "absence of fraud or intentional design," Mr. Francis will also have his opportunity to do the same. However, he cannot seek to accomplish this on a motion for summary judgment, when the factual record needs to be more fully developed to determine whether he failed to schedule his debt to National as a result of mere inadvertence or as a result of intentional omission. However, National is not entitled to use novation as a defense.

For the reasons stated herein, it is ORDERED:

Plaintiff's Motion for Summary Judgment is DENIED in part and GRANTED in part.