1st Circuit Court — Berlin Family Division
No. 2012-096

## IN THE MATTER OF ROBIN MASON AND MARTIN MASON

Argued: September 20, 2012
Opinion Issued: November 28, 2012

392

Robin Mason, by brief, *pro se.*

*Cheryl C. Deshaies,* of Exeter on the brief and orally, and *Tamposi Law Group,* of Nashua (*Peter Tamposi* on the brief), for the respondent.

LYNN, J. The respondent, Martin Mason, appeals an order of the 1st Circuit Court — Berlin Family Division (*Patten,* J.), upon the recommendation of the Marital Master (*Barber,* M.), finding that the obligation of the petitioner, Robin Mason, to pay 50% of Martin's federal income taxes was automatically discharged in Robin's proceedings for bankruptcy under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §§ 701 *et seq.* (2006). We affirm in part, reverse in part, and remand.

■ The following facts were either found by the trial court or are undisputed. The parties' final decree of divorce was issued in October 2007. It directed Robin to pay 50% of Martin's federal income taxes for 2006. In September 2010, Robin filed for Chapter 7 bankruptcy, listing her obligation under the divorce decree in three separate places. She listed Martin as a creditor holding an unsecured nonpriority claim for $4,519.50 for "2010; divorce settlement" and as a codebtor on a "federal tax lien." She also included among her unsecured priority claims a "2006; Federal Tax lien joint with ex husband" in the amount of $5,052.82. In December 2010, the United States Bankruptcy Court for the District of New Hampshire found Robin entitled to a discharge. Robin and Martin each petitioned the Internal Revenue Service (IRS) for "innocent spouse" relief[*] from their federal income tax liability for 2006. Her petition was granted; his was denied.

In July 2011, Martin filed a motion for contempt in the 1st Circuit Court — Berlin Family Division, asking the court to order Robin to pay 50% of his federal income tax liability for 2006. The court found that, even though "innocent spouse" relief "changed the nature of [Robin's] obligation from a

---

[*] In *Haag v. Shulman,* 683 F.3d 26 (1st Cir. 2012), the court explained "innocent spouse" relief as follows:

> Taxpayers who file joint returns are held jointly and severally liable for liabilities that flow from those submissions. "Innocent spouse" relief provisions in the tax code offer a narrow exception to this arrangement. Under these, the tax code exempts a joint filer who "did not know or have reason to know that there was an understatement on the tax return" from joint and several liability.

*Haag,* 683 F.3d at 29 (citation omitted).

tax debt to a debt owed [Martin,]" bankruptcy had absolved Robin of her obligation to pay 50% of Martin's 2006 federal income taxes. The court reasoned as follows:

[Robin] sought to have her debt to [Martin] discharged in bankruptcy. Toward [that] end, in her bankruptcy petition [Robin] noticed [Martin] as a creditor for "2010: divorce settlement" in the amount of the original debt to the IRS. [Martin] was duly noticed that he was listed as a creditor and had the opportunity to litigate the issue in the bankruptcy court. [Robin] was granted a bankruptcy and the debt was discharged.

The trial court denied Martin's motion for contempt as well as his request for attorney's fees. This appeal followed.

On appeal, Martin argues that the trial court erred as a matter of law when it found that Robin's obligation to pay 50% of his 2006 federal income taxes had been discharged in bankruptcy because he failed to make a showing before the bankruptcy court that her obligation was non-dischargeable. Martin also argues that the trial court erred as a matter of law and unsustainably exercised its discretion when it declined to award him attorney's fees and costs. We address each argument in turn.

*I. Dischargeability of Robin's Debt*

■ As an initial matter, we find that this court has jurisdiction to determine the dischargeability of the debt at issue, contrary to Robin's argument that "[i]n a contested case, whether a debt is nondischargeable is a matter for the Bankruptcy Court alone to decide." Federal "district courts shall have original *but not exclusive* jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11," subject to an exception not at issue here. 28 U.S.C. §§ 1334(b), (e)(2) (2006) (emphasis added). "While it is true that state courts lack jurisdiction to modify or to grant relief from a bankruptcy court's discharge injunction, they retain . . . concurrent jurisdiction under 28 U.S.C. § 1334(b) to construe the discharge and determine whether a particular debt is or is not within the discharge." *Sunbeam Corp. v. Dortch*, 313 S.W.3d 114, 115-16 (Ky. 2010) (quotation omitted); *see Howard v. Howard*, 336 S.W.3d 433, 442 (Ky. 2011); *State of New York High. Ed. v. Rochlitz*, 505 N.Y.S.2d 354, 356 (Sup. Ct. 1986); *In re Grabinski*, 150 B.R. 427, 432 (Bankr. N.D. Ill. 1993).

Turning to the merits of the appeal, we find that the trial court erred as a matter of law when it found that Robin's obligation to pay 50% of Martin's 2006 federal income taxes had been discharged in bankruptcy. Section 523 of the Bankruptcy Code deals with exceptions to discharge for certain kinds of debts. 11 U.S.C. § 523 (2006) provides:

(a) A discharge under [Chapter 7] does not discharge an individual debtor from any debt —

. . .

(5) for a domestic support obligation;

. . .

(15) to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit . . . .

Certain debts under 11 U.S.C. § 523(a) are non-dischargeable only if the creditor makes the necessary showing in bankruptcy.

Except as provided in subsection (a)(3)(B) of this section, the debtor shall be discharged from a debt of a kind specified in paragraph (2), (4), or (6) of subsection (a) of this section, unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph (2), (4), or (6), as the case may be, of subsection (a) of this section.

11 U.S.C. § 523(c)(1) (2006).

█ The issue here is whether a debt under 11 U.S.C. § 523(a)(15) is automatically non-dischargeable in bankruptcy, or whether the creditor must request the bankruptcy court not to discharge the debt. We conclude that since the passage of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA), Pub. L. No. 109-8 (codified as amended at 11 U.S.C. § 523 (2006)), a debt under 11 U.S.C. § 523(a)(15) is automatically nondischargeable in Chapter 7 bankruptcy. Prior to BAPCPA, 11 U.S.C. § 523(a) (2000) exempted from discharge any debt:

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement, *but not to the extent that* —

(A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise . . . ; or

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support . . . .

. . .

(15) not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, a determination made in accordance with State or territorial law by a governmental unit *unless* —

(A) the debtor does not have the ability to pay such debt from income or property of the debtor not reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor and, if the debtor is engaged in a business, for the payment of expenditures necessary for the continuation, preservation, and operation of such business; or

(B) discharging such debt would result in a benefit to the debtor that outweighs the detrimental consequences to a spouse, former spouse, or child of the debtor . . . .

11 U.S.C. § 523(a) (2000) (emphasis added). Also prior to 2005, debts under 11 U.S.C. § 523(a)(15) were included in 11 U.S.C. § 523(c)(1) (2000). Thus, a creditor had to make a showing in bankruptcy court in order to preserve the non-dischargeability of the debt under 11 U.S.C. § 523(a)(15).

■ BAPCPA eliminated the balancing tests that the bankruptcy court had to undertake in order to determine whether debts under 11 U.S.C. § 523(a)(15) were exempt from discharge.

[T]here is no longer a distinction made between an alimony, maintenance or support claim and a property settlement. . . . This change also means that there is no longer a need for the balancing test imposed by former § 523(a)(15). That provision is now simplified to provide that a debt to a spouse, former spouse or child of the debtor that is incurred by the debtor in the course of a divorce or separation and that is not covered by § 523(a)(5) is excepted from discharge, whether the obligation is the product of an agreement, divorce decree, order of a court of record or determination made in accordance with state or territorial law by a governmental unit.

Fitzgerald, *We All Live in a Yellow Submarine: BAPCPA's Impact on Family Law Matters*, 31 S. ILL. U. L. J. 563, 566 (2007).

Consequently, as a debtor's ability to pay is no longer a factor bankruptcy courts consider when analyzing whether a debt is non-dischargeable under § 523(a)(15), courts do not engage in any balancing test of whether a debtor would gain more than his or her domestic relations creditors if the debtor were granted a discharge.

... As amended, §§ 523(a)(5) and (a)(15) provide that a chapter 7 bankruptcy does not discharge an individual debtor from any debt [which falls under 11 U.S.C. §§ 523(a)(5) and (15)].

... As amended, §§ 523(a)(5) and (a)(15) provide that a chapter 7 bankruptcy does not discharge an individual debtor from any debt [which falls under 11 U.S.C. §§ 523(a)(5) and (15)].

*Prensky v. Clair Greifer LLP*, No. 09-6200, 2010 WL 2674039, at *4 (D.N.J., June 30, 2010) (citation omitted). Since 2005, a debt under 11 U.S.C. § 523(a)(15) is automatically non-dischargeable.

Robin's obligation under the divorce decree to pay 50% of Martin's 2006 federal income taxes was automatically non-dischargeable because it was a debt under 11 U.S.C. § 523(a)(15). Robin argues that the obligation was not a "debt ... to a ... former spouse" under 11 U.S.C. § 523(a)(15) because she had to pay the IRS rather than Martin. She contends that the IRS relieved her of that obligation when it granted her innocent spouse relief. We disagree.

*Howard v. Howard*, a recent case from Kentucky, is instructive. In that case, a divorce decree directed the husband to make payments on a car loan that he held jointly with his wife. *Howard*, 336 S.W.3d at 435. The husband filed for Chapter 7 bankruptcy, of which the wife was notified but in which she did not participate. *Id.* at 436. After the husband received a bankruptcy discharge, the trial court held him in contempt for failing to make payments on the car loan. *Id.* The Kentucky Supreme Court affirmed. *Id.* The court concluded that, after BAPCPA, a debt under 11 U.S.C. § 523(a)(15) is automatically non-dischargeable. *Id.* at 441-44.

The court rejected the husband's argument that, because he was ordered to make payments to the bank rather than directly to the wife, his debt was not a debt to a former spouse within the meaning of 11 U.S.C. § 523(a)(15).

While the creditor presumably accepted Shane's obligation to it under the car loan had been discharged in bankruptcy, Shane's obligation to Sondra under the divorce decree to make the payments to the creditor was excepted from discharge under 11

> U.S.C. § 523(a)(15) because this constitutes a debt to a former spouse under a divorce decree. *Debt* is defined in 11 U.S.C. § 101(12) (2007) as "liability on a claim." And a *claim* is basically defined as a "right to payment" or a "right to an equitable remedy for breach of performance if such breach gives rise to a right to payment" under 11 U.S.C. § 101(5) (2007). So, despite the language specifying a debt to a present or former spouse, the broad definition of debt has been interpreted to encompass divorce decree-imposed obligations to a former spouse to make payments on a loan from a third party. So the trial court could properly enforce Shane's obligation *to Sondra* under the divorce decree even if Shane's obligation *to the bank* on the repossessed Durango had been discharged.

*Id.* at 445-46 (footnotes omitted); *see also In re Wodark*, 425 B.R. 834, 837-38 (Bankr. 10th Cir. 2010) (concluding that the wife's debt to the husband was non-dischargeable, even though it was payable to the bank, because "[w]hat matters in a § 523(a)(15) case is (1) the nature of the debt; and (2) whether the debt was incurred in the course of a divorce or separation"). We agree with *Howard* and *Wodark* and hold that Robin's obligation to pay 50% of Martin's 2006 federal income taxes was a debt under 11 U.S.C. § 523(a)(15). As such, it was automatically non-dischargeable in bankruptcy.

 Next, Robin argues that the divorce decree incorrectly reflects her 2006 federal income tax liability because it includes "the penalties assessed on an early retirement account withdrawal [that] are not 'income' *per se*." The amount for which Robin is liable under the final divorce decree is *res judicata* because the decree was issued on October 31, 2007, and the record does not indicate that Robin attempted to seek post-decision relief or to appeal the decree with respect to the 2006 federal income tax liability. "Spurred by considerations of judicial economy and a policy of certainty and finality in our legal system, the doctrines of *res judicata* and collateral estoppel have been established to avoid repetitive litigation so that at some point litigation over a particular controversy must come to an end." *Eastern Marine Const. Corp. v. First Southern Leasing*, 129 N.H. 270, 273 (1987) (quotation omitted).

## II. Attorney's Fees

 A prevailing party may be awarded attorney's fees when recovery of fees is authorized by statute, an agreement between the parties, or an established judicial exception to the general rule that precludes recovery of such fees. *Kessler v. Gleich*, 161 N.H. 104, 106 (2010).

We have recognized exceptions where an individual is forced to seek judicial assistance to secure a clearly defined and established right if bad faith can be established; where litigation is instituted or unnecessarily prolonged through a party's oppressive, vexatious, arbitrary, capricious or bad faith conduct; as compensation for those who are forced to litigate in order to enjoy what a court has already decreed; and for those who are forced to litigate against an opponent whose position is patently unreasonable.

*Clipper Affiliates v. Checovich*, 138 N.H. 271, 278 (1994) (brackets, citation, and quotations omitted). We will not overturn the trial court's decision concerning attorney's fees absent an unsustainable exercise of discretion. *Grenier v. Barclay Square Commercial Condo. Owners' Assoc.*, 150 N.H. 111, 115 (2003). We give tremendous deference to the trial court's decision on attorney's fees. *Daigle v. City of Portsmouth*, 137 N.H. 572, 574 (1993).

Martin argues that the trial court erred as a matter of law and unsustainably exercised its discretion when it declined to award him attorney's fees. He contends that Robin's position regarding the dischargeability of her debt was frivolous, unreasonable, and legally erroneous and that the trial court "inexcusabl[y] misapprehen[ded] the law of discharge under 11 U.S.C. §§ 523 and 727." We disagree that the trial court's erroneous decision on dischargeability is reason for charging Robin for Martin's attorney's fees. An award of attorney's fees "merely shifts the cost of what should have been an unnecessary judicial proceeding *to the responsible party* . . . ." *Harkeem v. Adams*, 117 N.H. 687, 691 (1977) (emphasis added). Although we have found Robin's view of the law erroneous, we do not agree that her position was frivolous, patently unreasonable, or taken in bad faith.

However, in light of our reversal of the trial court's order on the merits, Martin now becomes the prevailing party and, therefore, may be entitled to recover costs. Accordingly, we remand the case to the trial court to address this issue.

Finally, we deny Robin's request for attorney's fees and costs. Insofar as her request is for fees and costs incurred in the trial court, Robin did not appeal from the trial court's denial of that request. *See Singer Asset Finance Co. v. Wyner*, 156 N.H. 468, 479 (2007). Moreover, insofar as her request is for fees and costs incurred in connection with this appeal, not only is she not the prevailing party, but she also has appeared *pro se*. SUP. CT. R. 23; *see* 5 G. MACDONALD, WIEBUSCH ON NEW HAMPSHIRE CIVIL PRACTICE AND PROCEDURE § 52.01, at 52-1 to 52-3 (2010) ("In order to

recover attorneys fees in New Hampshire, one must be 'a prevailing party.' . . . A *pro se* litigant who has no obligation to pay an attorney cannot be awarded attorneys fees.").

### III. Conclusion

For the foregoing reasons, we reverse the trial court's ruling on the dischargeability of the debt, affirm its ruling on Martin's request for attorney's fees, remand for consideration of his costs, and deny Robin's request for fees and costs.

*Affirmed in part; reversed in part; and remanded.*

DALIANIS, C.J., and HICKS, CONBOY and BASSETT, JJ., concurred.