**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case Nos. 2014-0632 and 2015-0041, <u>City of Nashua v. Secretary of State</u>, the court on May 12, 2015, issued the following order:**

Having considered the briefs, the respondent's memorandum of law addressing mootness, and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). In these consolidated appeals, the respondent, the Secretary of State, appeals orders of the Superior Court (<u>Colburn</u>, J.) that: (1) granted the petitioner, the City of Nashua, a writ of mandamus requiring the respondent to place a municipal charter amendment question on the November 2014 state election ballot for Nashua voters (mandamus order); and (2) required the respondent to reimburse the petitioner for its costs associated with conducting a recount of the charter amendment question, subject to our affirmance of the mandamus order (recount order). The petitioner cross appeals the trial court's decision not to award attorney's fees. We affirm the decision not to award attorney's fees. We conclude, however, that the issues raised by the respondent are moot, and dismiss its appeals of the mandamus order and recount order.

We first address the petitioner's argument that the trial court erred by not awarding it attorney's fees. The trial court may award attorney's fees to the prevailing party when the recovery of fees is authorized by statute, an agreement between the parties, or an established judicial exception to the general rule precluding the shifting of counsel fees. <u>In the Matter of Mason & Mason</u>, 164 N.H. 391, 398 (2012). We defer to the trial court's decision on whether to award attorney's fees, and will not overturn its decision absent an unsustainable exercise of discretion. <u>Id</u>. at 399.

In this case, the petitioner argues that it was entitled to an award of fees on grounds that it was forced to seek judicial intervention to secure a clearly defined right, <u>see id</u>. at 399, and that the relief it obtained in securing the mandamus order conferred a substantial benefit upon the general public, <u>see</u> <u>Frost v. Comm'r, N.H. Banking Dep't</u>, 163 N.H. 365, 378 (2012). Upon this record, however, we cannot say that the trial court's decision not to award attorney's fees was necessarily for reasons clearly untenable or to an extent clearly unreasonable to the petitioner's prejudice. <u>Frost</u>, 163 N.H. at 377.

Turning to the respondent's appeal of the mandamus order, the record reflects that the trial court issued the mandamus order pursuant to RSA 49-B:5, IV(c) (2013) (amended 2014). As it existed at the time of the trial court's

order, RSA 49-B:5, IV(c) authorized municipal officers in municipalities with biennial elections to "order" that citizen-petitioned municipal charter amendments "be placed on the ballot . . . at the next regular state biennial election." In the mandamus order, the trial court rejected the respondent's argument that "the ballot" meant only "a ballot" prepared by the municipality, ruling instead that the statute obligated the respondent to place the question on the state general election ballot. In accordance with the order, the respondent created a state election ballot for Nashua voters to vote on the proposed charter amendment at the November 2014 state biennial election.

Effective September 30, 2014, five days after the mandamus order, the legislature amended RSA 49-B:5 to require municipal officers to place citizen-petitioned municipal charter amendments "on the ballot at either the next regular municipal election or at a special municipal election." RSA 49-B:5, V(c) (Supp. 2014). The parties agree that, under the current statute, a citizen-petitioned municipal charter amendment may no longer be voted upon at a state election. Accordingly, we ordered the parties to brief whether the respondent's appeal of the mandamus order is now moot.

A matter is moot if it no longer presents a justiciable controversy because the issues involved in the case have become academic or dead. Londonderry Sch. Dist. v. State, 157 N.H. 734, 736 (2008). We have held that a statutory challenge seeking prospective or declaratory relief only is rendered moot when the statute has been amended so that it is no longer applicable. Id. We have also recognized, however, that mootness is ultimately a question of judicial discretion and convenience, and that a decision on the merits may be warranted in circumstances involving a "pressing public interest," or where a decision may avoid future litigation. See Batchelder v. Town of Plymouth Zoning Bd. of Adjustment, 160 N.H. 253, 255-56 (2010).

Both parties argue that the respondent's appeal of the mandamus order is not moot. The respondent contends that it is not moot because "[i]f the State prevails in this appeal, . . . it will be entitled to reimbursement from the City of Nashua for the expenses of printing the ballots." The petitioner argues that it is not moot because the provision of RSA 49-B:5 governing municipal charter amendments that are proposed by municipal officers, as contrasted with those that are petitioned by citizens, contains language allowing municipal officers to "order [the] amendments to be placed on the ballot at either the next regular municipal election or the next state biennial election." RSA 49-B:5, I (Supp. 2014). The petitioner contends that, because this language is similar to the language of the prior version of RSA 49-B:5, IV(c), the respondent is likely to take the same position with respect to municipal-officer-proposed charter amendments that he has taken in this case. The petitioner further notes that, in March 2015, the Nashua Board of Aldermen introduced legislation proposing

2

a charter amendment that, should the legislation pass, "and depending on the timing, the municipal officers . . . could order . . . [to be] placed on the ballot at the next state biennial election."

We reject these arguments. The November 2014 state biennial election has come and gone, and the answer to whether Nashua officials had authority to order the Secretary of State to place a citizen-petitioned charter amendment on a state ballot under the prior version of RSA 49-B:5 has no bearing on whether they can today. See In re Guardianship of R.A., 155 N.H. 98, 101 (2007). Moreover, this case involves a citizen-petitioned charter amendment, not an amendment proposed by municipal officers, and we decline to speculate whether the petitioner or another municipality might "order" the Secretary of State to place a municipal-officer-proposed charter amendment on a future state ballot, or what position the Secretary of State might take if that occurs.

With respect to the respondent's assertion that if he prevails on the merits of this appeal, the State "will be entitled to reimbursement . . . for the expenses of printing the ballots," he cites no authority for this position. See State v. Blackmer, 149 N.H. 47, 49 (2003) (declining to review issues that are not fully briefed). Nor are we aware of any such authority.

Indeed, we have long held that a party is not entitled to recover costs incurred as a result of a wrongful injunction unless that party has requested, and the trial court has granted, an order requiring the petitioner to post a bond. See Tilton v. Sharpe, 84 N.H. 43, 48 (1929) (absent an injunction bond, damages for a wrongfully issued injunction were not recoverable against a municipality); Rogers v. Clough, 76 N.H. 272, 274 (1911) (absent an injunction bond, the respondent's recovery for a wrongfully issued injunction is limited to taxable costs); but see Merrimack Valley Wood Prods. v. Near, 152 N.H. 192, 203-04 (2005) (allowing recovery for wrongful injunction in the absence of an injunction bond where the respondent requested a bond, and where the trial court erroneously failed to require it). Although this case may involve a request for a writ of mandamus, and not an injunction, there is "no substantial distinction between mandamus and a mandatory injunction directing the performance of official public duties." Guy J. v. Commissioner, 131 N.H. 742, 747 (1989). Nothing in the record establishes that the respondent requested, or the trial court ordered, a bond to reimburse the State in the event mandamus was later deemed to have been erroneously granted.

We conclude that the respondent's challenge to the mandamus order is moot, and dismiss his appeal of the mandamus order. With respect to the recount order, it was expressly conditioned, at the request of the petitioner, upon our "affirmance" of the mandamus order. In context, we construe the recount order to require the State's reimbursement of the petitioner's recount costs only if we affirm the merits of the trial court's analysis of RSA 49-B:5 in

3

the mandamus order.  See In the Matter of Salesky & Salesky, 157 N.H. 698, 702 (2008) (interpretation of trial court order is a question of law, which we review de novo).  Because we have not affirmed the merits of the mandamus order, but have instead dismissed the respondent's appeal of it, the recount order does not require the respondent to reimburse the petitioner for its recount costs.  Accordingly, we conclude that the respondent's challenge to the recount order is likewise moot, and dismiss that appeal as well.

Affirmed in part; and
dismissed in part.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.


**Eileen Fox,
Clerk**