**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2015-0249, <u>In the Matter of James Hatzos and Lisa Hatzos</u>, the court on March 3, 2016, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The petitioner, James Hatzos (husband), appeals an order of the Circuit Court (<u>Korbey</u>, J.) denying his post-divorce motion to bring forward and request for further orders, for contempt, and for other relief (motion to bring forward) against his former spouse, the respondent, Lisa Vuich f/k/a Lisa Hatzos (wife). He contends that the trial court erred by: (1) failing to enter a final order in his earlier divorce; (2) failing to award him interest on the wife's alimony and child support arrearages; (3) finding that the wife was in compliance with its orders; (4) not finding the wife in contempt; (5) not awarding him attorney's fees and costs; and (6) not requiring the wife to provide security for her obligations.

At the outset, we note that the wife, in her brief, states that she was "awarded the marital home" and refers twice to the requirement that she "refinance the existing note and mortgage in order to remove the husband from any liability thereon." On the contrary, the trial court awarded the marital residence to the husband and ordered the wife to "cause the . . . debts, liability, notes, mortgages, and security agreements [on it] to be paid and satisfied in full."

We first address whether the trial court's December 5, 2013 order, which it issued following the final hearing, was final. The husband argues that the order was not final because: (1) it did not establish a deadline by which the wife was required to satisfy the mortgage on the marital residence; and (2) it "deferred" a finding of contempt and an award of attorney's fees. The interpretation of a trial court order is a question of law, which we review <u>de novo</u>. <u>In the Matter of Salesky & Salesky</u>, 157 N.H. 698, 702 (2008).

Contrary to the husband's contention, the trial court did set a deadline by which the wife is required to satisfy the mortgage. It stated that the wife must pay the mortgage in full within three years of July 18, 2013, the date of the partial stipulation. In her brief, the wife acknowledges that the deadline for her to satisfy the mortgage is July 18, 2016. The husband argues that "it is highly unlikely that . . . the trial court could address the issue and enter a final order or deadline within the three year window agreed to and referenced in the court's

decree." However, we conclude that the trial court's December 2013 order established this deadline and no further order was required.

We interpret the trial court's December 2013 order to defer a finding of contempt and award of attorney's fees "pending review of the [wife's] compliance with the terms of this Order" as a decision not to find the wife in contempt or to grant the husband attorney's fees. See id. The trial court's statement that it would schedule a hearing in the future "in the event that the [wife] defaults in her obligations" showed that it did not intend to find the wife in contempt based upon her past actions. It would be unreasonable to understand the trial court's order as leaving these issues open indefinitely.

The cases that the husband relies upon to argue that the order was not final because it did not award him fees are inapposite because, in each, the trial court had awarded a party attorney's fees, but had not determined the amount of those fees. See, e.g., Shelton v. Tamposi, 164 N.H. 490, 495 (2013); Van Der Stok v. Van Voorhees, 151 N.H. 679, 681 (2005). In this case, the trial court did not award the husband attorney's fees. Therefore, all issues in the case were resolved, and the order was final. Cf. Germain v. Germain, 137 N.H. 82, 84 (1993) (stating order is interlocutory when it does not decide all issues in proceeding). We note that the trial court granted the wife's requested finding that the divorce became final on March 11, 2014.

Accordingly, we conclude that the trial court's December 2013 order was a final order. Neither party appealed that order. Thus, all appeals are waived, see Dist. Div. R. 1.11, and the husband cannot challenge the order. See Hannemann v. Newcomb, 125 N.H. 289, 291 (1984) (stating original order that was not timely appealed is not appealable). Furthermore, because it was a final order and was not appealed, the December 2013 order superseded the temporary order. Cf. Rollins v. Rollins, 122 N.H. 6, 10 (1982) (stating normally timely appeal prevents final order from going to judgment and temporary order remains in effect). We conclude for the same reasons that the trial court's February 2015 order on the husband's motion to bring forward was also final. See Germain, 137 N.H. at 85 (treating order on untimely post-divorce motion for reconsideration as final order and declining appeal from it).

We next address the award of interest on the wife's alimony and child support arrearages. The husband contends that the trial court erred in both its final December 2013 order and its order on his motion to bring forward by not awarding him interest on the wife's arrearages. To the extent that the husband argues that the trial court erred in its December 2013 order, as noted above, he failed to appeal that order.

By determining that child support payments are judgments, the legislature has expressly authorized the imposition of statutory interest on such judgments

until paid in full. In the Matter of Giacomini & Giacomini, 151 N.H. 775, 779 (2005). Interest is included as part of all child support orders because it automatically accrues on child support arrearages. In the Matter of Cole & Ford, 156 N.H. 609, 610-11 (2007). A court-ordered child support obligation includes statutory interest. Id. at 611. To the extent that the trial court initially failed to impose interest on child support arrearages, it erred as a matter of law. See Giacomini, 151 N.H. at 779.

However, in ruling on the motion to bring forward, the trial court found that "[t]he child support and spousal support payments due to the [husband] were and are judgments with the statutory interest due on **each** such payment in arrears pursuant to RSA 336[-]A:1, II." (Emphasis in original.) We interpret this finding as awarding the husband interest accruing on any child support and alimony payments and arrearages awarded in the December 2013 order after the December 2013 order went to final judgment. Cf. In re Estate of Bergquist, 166 N.H. 531, 536 (2014) (stating order for periodic payments does not affect judgment holder's right to interest on entire judgment). Having failed to appeal the December 2013 final decree, this was the only relief to which the husband was entitled as to interest on arrearages. Accordingly, we reject the husband's argument that the trial court erred by not awarding him interest on arrearages in the order on the motion to bring forward.

We next address the trial court's grant, in its order on the motion to bring forward, of the wife's requested finding that she was in compliance with its orders. We afford trial courts broad discretion in determining matters of alimony and child support. In the Matter of Brownell & Brownell, 163 N.H. 593, 596 (2012). We will not overturn the trial court's decision absent an unsustainable exercise of discretion. Id. If the court's findings can reasonably be made on the evidence presented, they will stand. Id.

The husband agrees that from September 1, 2013, the date the trial court set for the commencement of the wife's payment of the child support and alimony amounts established in its December 2013 order, to the October 2014 hearing on his motion to bring forward, the wife paid $38,200 in child support, alimony, and arrearage. This equals alimony and child support payments in accordance with the December 2013 order from September 1, 2013, to October 1, 2014, and arrearage payments in accordance with the December 2013 order from the effective date of that order, which the parties appear to agree was March 11, 2014, to October 1, 2014. As noted above, we also construe the order as awarding interest accruing after the effective date of the order.

The husband argues that the wife should have paid the alimony and child support amounts established in the temporary order until the December 2013 order became effective. However, the December 2013 order, which the husband never appealed, specified that the alimony and child support payments it

3

established became effective on September 1, 2013.  See Rollins, 122 N.H. at 10 (affirming trial court's determination of when child support would begin).

The husband argues that the wife was required to make the payments on her arrearages, as well as on alimony and child support, beginning on September 1, 2013.  However, the trial court did not order this.  In the alternative, the husband argues that the wife was required to begin making the arrearage payments on the date the order was issued.  However, both parties moved for reconsideration.  Thus, the divorce decree did not become final until after those motions had been decided.  See Sup. Ct. R. 7(1)(C).  Even if the wife began making the arrearage payments late, she still owes those amounts, and the trial court imposed interest upon them, accruing after the effective date of the December 2013 order.

We next address the trial court's decision in the order on the motion to bring forward not to find the wife in contempt.  The contempt power is discretionary.  In the Matter of Stall & Stall, 153 N.H. 163, 168 (2005).  The proper inquiry is not whether we would have found the wife in contempt, but whether the trial court unsustainably exercised its discretion in not doing so.  Id.  To be reversible on appeal, the discretion must have been exercised for reasons clearly untenable or to an extent clearly unreasonable to the prejudice of the objecting party.  Shelton, 164 N.H. at 501.  If there is some support in the record for the trial court's determination, we will affirm it.  Id.

The husband argues that the wife continued to be in arrears following the December 2013 order and did not become current with her obligations until after he filed his motion to bring forward.  He further contends that the December 2013 order "used strong language as to the consequence of future non-compliance by the wife."  However, neither point compelled a finding of contempt.  The trial court found that the wife was in compliance with its orders as of the hearing.  Accordingly, we conclude that the record provides an objective basis to sustain the trial court's discretionary judgment not to find the wife in contempt.

The husband relies upon In the Matter of Martel & Martel, 157 N.H. 53, 63 (2008), to argue that the trial court erred by not justifying its decision not to find the wife in contempt.  However, Martel is distinguishable because the trial court there made an erroneous factual finding and had previously found the party in contempt for the same act.  Id. at 61, 62, 63.

We next address the trial court's decision in the order on the motion to bring forward not to award the husband attorney's fees and costs.  A prevailing party may be awarded attorney's fees when recovery of fees is authorized by statute, an agreement between the parties, or an established judicial exception to the general rule that precludes recovery of such fees.  In the Matter of Mason & Mason, 164 N.H. 391, 398 (2012).  We will not overturn the trial court's decision

4

concerning attorney's fees absent an unsustainable exercise of discretion. Id. at 399. We defer to the trial court's decision on attorney's fees. Id.

The husband argues that he was statutorily entitled to an award of attorney's fees pursuant to RSA 458:51 (2004) or RSA 461-A:15 (Supp. 2015). However, both those statutes are premised upon a finding of contempt. The husband argues that the trial court's decision not to award him attorney's fees is inconsistent with its temporary order. However, that order stated only that a party who failed to comply with orders "may" be assessed attorney's fees.

The husband argues that he incurred substantial attorney's fees as a result of the wife's failure to comply with the trial court's orders. He contends that the wife's conduct was "egregious. . . . [,] repetitive and unabated" and "unreasonably obstinate, wanton, and in bad faith" entitling him to attorney's fees under Harkeem v. Adams, 117 N.H. 687 (1977). However, the trial court could have concluded that the wife's failure to pay alimony and child support in a timely fashion following the final hearing resulted from her lack of funds to cover the resulting arrearages. We cannot conclude that the trial court unsustainably exercised its discretion in not awarding the husband attorney's fees. See Mason, 164 N.H. at 398.

The husband argues that the trial court "fail[ed] to articulate any justification or basis for the failure to award fees. . . . [d]espite [his] specific request for findings" on this issue. However, the husband does not cite, nor are we aware of, any authority requiring the trial court to articulate its reasoning in these circumstances. Cf. Nordic Inn Condo. Owners' Assoc. v. Ventullo, 151 N.H. 571, 586 (2004) (stating we assume trial court made all findings necessary to support its decision).

Finally, to the extent that the husband argues that the trial court erred in not requiring the wife to provide security for her obligations, he has not developed this argument, and so we decline to address it. See State v. Blackmer, 149 N.H. 47, 49 (2003). Because the husband has not prevailed in this appeal, we deny the request in his brief for an award of attorney's fees and costs. See Sup. Ct. R. 23.

Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,
Clerk**

5