# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

### In Case No. 2016-0310, <u>Richard Coleman v. Shirley Coleman</u>, the court on April 20, 2017, issued the following order:

Having considered the briefs, memorandum of law, and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See Sup. Ct. R.</u> 18(1). We affirm.

The plaintiff, Richard Coleman, appeals the order of the Superior Court (<u>Garfunkel</u>, J.) dismissing his claims against the defendant, Robert Coleman, on grounds of res judicata and failure to state a claim.[1] The plaintiff argues that the court erred in: (1) ruling that res judicata applies to all but one of his claims; and (2) dismissing his remaining claim of fraud.

In a prior action, the plaintiff filed a complaint against the defendant, his brother, alleging that the brother: (1) obtained title to the family homestead by fraud; (2) as guardian for their mother, mismanaged her affairs; (3) prevented him from visiting their mother at the nursing home; and (4) prevented the plaintiff's adult son from redeeming a $5,000 certificate of deposit received from the plaintiff's mother. After affording the plaintiff an opportunity to amend his complaint to cure its deficiencies, <u>see</u> <u>ERG, Inc. v. Barnes</u>, 137 N.H. 186, 189 (1993), the trial court dismissed it for failure to state a claim. The plaintiff appealed, and we affirmed. <u>See</u> <u>Richard Coleman v. Robert Coleman & a.</u>, No. 2011-0773 (N.H. May 3, 2012).

The plaintiff filed this action after his mother died. In this action, the plaintiff alleges the same claims of fraud against the defendant. In addition, he alleges that the defendant fraudulently failed to notify him of their mother's death and funeral arrangements. The trial court ruled that res judicata bars all the claims except for the death notice claim.

"The doctrine of res judicata prevents the parties from relitigating matters actually litigated and matters that could have been litigated in the first action." <u>In re Estate of Bergquist</u>, 166 N.H. 531, 534-35 (2014) (quotation omitted). "The doctrine applies if three elements are met: (1) the parties are the same or in privity with one another; (2) the same cause of action was before the court in both instances; and (3) the first action ended with a final judgment

---

[1] Robert Coleman died after the plaintiff filed this appeal. On February 6, 2017, Shirley L. Coleman, the executrix of the estate of Robert Coleman, was substituted for Robert Coleman as the defendant. For clarity, this order refers to Robert Coleman as the defendant.

on the merits." Id. at 535 (quotation omitted). "The applicability of res judicata is a question of law, which we review de novo." Id. (quotation omitted).

The plaintiff first argues that res judicata does not apply because he only learned of the defendant's fraud after his mother died, and after he received the estate's final accounting, which allegedly showed that his mother had sufficient funds to give the plaintiff's adult son a $5,000 certificate of deposit, as she allegedly had intended. However, in the prior action, the plaintiff alleged that the defendant defrauded him by preventing the plaintiff's son from receiving the certificate of deposit, which is the same cause of action alleged in this suit. The fact that the parties' mother died did not create a new cause of action. See Sleeper v. Hoban Family P'ship, 157 N.H. 530, 534 (2008) ("Res judicata will bar a second action even though the plaintiff is prepared in the second action to present evidence or grounds or theories of the case not presented in the first action."). Moreover, in the prior action, the trial court ruled that the plaintiff had "no vested interest in his stepmother's estate nor was he damaged in connection with his son's CD." The plaintiff has failed to demonstrate why the trial court's reasoning does not compel the same result in this claim filed after his mother's death.

The plaintiff next argues that the cause of action in the prior case is not the same as in the present case because there were multiple defendants in the prior case whom he did not include in the present case. However, the defendant named in the present case was named in the prior case. The fact that the plaintiff's prior action named additional defendants does not bar operation of res judicata. See Montville v. Hamblin, 96 N.H. 356, 358 (1950) ("The fact that there are now fewer parties is immaterial.").

The plaintiff next argues that the trial court erred in ruling that he failed to state a claim of fraud against the defendant for neglecting to notify him of their mother's death. When reviewing a trial court's decision to dismiss for failure to state a claim, we assume all allegations in the plaintiff's pleadings to be true and construe all reasonable inferences in the light most favorable to the plaintiff. Snierson v. Scruton, 145 N.H. 73, 76 (2000). We will reverse the trial court when the allegations in the pleadings are reasonably susceptible of an interpretation that would permit recovery. Id. at 76-77.

The defendant was the mother's guardian until her death. The plaintiff alleges that the defendant "abused his role as Guardian by maliciously withholding the event of her death, and funeral arrangements from the Plaintiff." "To establish fraud, a plaintiff must prove that the defendant made a representation with knowledge of its falsity or with conscious indifference to its truth with the intention to cause another to rely upon it." Id. at 77. "In addition, a plaintiff must demonstrate justifiable reliance." Id. "A plaintiff cannot allege fraud in general terms, but must specifically allege the essential details of the fraud and the facts of the defendants' fraudulent conduct." Id.

2

First, we note that the defendant's role as his mother's guardian terminated upon her death. See RSA 464-A:40, I (2014). Moreover, even assuming that the defendant's alleged omission could constitute a misrepresentation under these circumstances, we conclude that the plaintiff has failed to specifically allege the essential details sufficient to support a claim of fraud regarding the defendant's failure to notify him of their mother's death. See Snierson, 145 N.H. at 76. In addition, the plaintiff failed to allege justifiable reliance. Accordingly, we conclude that he failed to state a claim upon which relief may be granted. See id.

Finally, the plaintiff argues that the trial court erred in awarding attorney's fees to the defendant for having to defend against precluded claims. He asserts that he brought the claims in good faith and that he supported them with facts discovered only after his mother's death.

A prevailing party may be awarded attorney's fees "as compensation for those who are forced to litigate in order to enjoy what a court has already decreed." In the Matter of Mason & Mason, 164 N.H. 391, 399 (2012) (quotation omitted). We defer to the trial court's decision on attorney's fees. Id. We will not overturn the court's decision absent an unsustainable exercise of discretion. Id.

The trial court found that, with the exception of the death notice claim, "the plaintiff has done little more than rearrange his allegations and has again asserted that the same exact alleged behavior was fraudulent because the defendant abused his guardian authority." The court concluded that "the defendant has been forced to relitigate the same allegations that were decided on the merits in his favor by this court and affirmed on appeal." The court awarded the defendant fees of $3,511.27.

The plaintiff did not object to the defendant's request for attorney's fees; nor did he appear at the hearing on fees. Assuming, without deciding, that he preserved his objection to the fee award, we cannot conclude, based upon this record, that the trial court's fee award constituted an unsustainable exercise of discretion. See id.

We have considered the plaintiff's remaining arguments, and have concluded that they do not warrant further discussion. See Vogel v. Vogel, 137 N.H. 321, 322 (1993).

Affirmed.

Dalianis, C.J., and Hicks, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**