# THE STATE OF NEW HAMPSHIRE

## SUPREME COURT

**In Case No. 2019-0697, <u>Seacoast Helicopters, LLC v. Kevin Beaulieu</u>, the court on August 14, 2020, issued the following order:**

Having considered the brief filed by the plaintiff, Seacoast Helicopters, LLC, and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The plaintiff appeals an order of the Circuit Court (<u>Vetanze</u>, J.) awarding attorney's fees to the defendant, Kevin Beaulieu. <u>See</u> <u>Emerson v. Town of Stratford</u>, 139 N.H. 629, 631-32 (1995). We affirm.

This is the second appeal involving the parties. In 2018, the trial court awarded attorney's fees to the defendant in the plaintiff's small claims action pursuant to the judicial exception that allows an award when a party has "acted in bad faith, vexatiously, or wantonly, or for oppressive reasons, where the litigant's conduct can be characterized as unreasonably obdurate or obstinate, and where it should have been unnecessary for the successful party to have brought the action." <u>Harkeem v. Adams</u>, 117 N.H. 687, 691 (1997) (quotation and citations omitted). In making that award, the trial court considered the fact that the plaintiff had simultaneously sought an offset to the defendant's wage claim in superior court and sought recovery in its small claims action. We vacated the award because we agreed with the plaintiff "that the fact that it simultaneously sought an offset to the defendant's wage claim and sought recovery in this small claims action 'cannot form the basis of a finding that [it] acted unreasonably, oppressively, and in bad faith,'" and because we could not determine whether the trial court would have awarded attorney's fees had it not relied upon that fact. <u>Seacoast Helicopters, LLC v. Kevin Beaulieu</u>, No. 2018-0299, 2019 WL 1450298, at *3 (N.H. March 14, 2019).

On remand, after the court held a hearing on offers of proof and reviewed the transcript in the 2018 proceeding, the court determined that it would have awarded fees "regardless of the issue of the Plaintiff seeking simultaneous recourse in multiple venues." The court specifically acknowledged that "no person should be penalized for merely defending or prosecuting a lawsuit," but found that a fee award was proper because the plaintiff's basis for recovery in the small claims action "was patently unreasonable and frivolous"; the plaintiff's "conduct throughout the proceedings," including "affirmatively making a material misrepresentation in a certificate of service," was "contrary to our civilized court system"; and the small claims action was "frivolous and

unduly vexatious" and was motivated by a desire "to punish the Defendant for resigning from his post with the Plaintiff." (Quotation omitted.)

We review awards of attorney's fees and costs under our unsustainable exercise of discretion standard, giving substantial deference to the trial court's decision. George v. Al Hoyt & Sons, Inc., 162 N.H. 123, 139 (2011). Our task on appeal is not to determine whether we would have found differently; rather, we determine whether a reasonable person could have found as the trial judge did. In re Adam M., 148 N.H. 83, 84 (2002). We will defer to the trial court's factual findings unless they are unsupported by the evidence or erroneous as a matter of law. N.H. Right to Life v. Dir., N.H. Charitable Trust Unit, 169 N.H. 95, 126 (2016).

Although the general rule in New Hampshire is that parties pay their own attorney's fees, a prevailing party may be awarded fees pursuant to an established judicial exception to that general rule. See In the Matter of Mason & Mason, 164 N.H. 391, 398 (2012). "We have recognized exceptions where an individual is forced to seek judicial assistance to secure a clearly defined and established right if bad faith can be established; where litigation is instituted or unnecessarily prolonged through a party's oppressive, vexatious, arbitrary, capricious or bad faith conduct; as compensation for those who are forced to litigate in order to enjoy what a court has already decreed; and [as compensation] for those who are forced to litigate against an opponent whose position is patently unreasonable." Id. at 399.

In the instant case, the trial court appears to have awarded the defendant attorney's fees under two of the above-described exceptions: (1) "where litigation is instituted or unnecessarily prolonged through a party's oppressive, vexatious, arbitrary, capricious or bad faith conduct"; and (2) where a party is "forced to litigate against an opponent whose position is patently unreasonable." Id. Because we conclude that an award of fees was proper in this case under the first exception, we need not consider whether the award was also proper under the second.

The plaintiff first argues that the decision on remand constitutes an unsustainable exercise of discretion because the court impermissibly relied upon the fact that the plaintiff "simultaneously pursued its offset claim in the wage claim proceeding and its small claim action." The plaintiff observes that the trial court quoted its earlier order and stated that its findings in that order "even excluding [its] last two sentences" support the fee award. The plaintiff also correctly observes that the last two sentences of the trial court's earlier order were not the only sentences that referred to the fact that the plaintiff had pursued both an offset claim in the wage claim proceeding and a small claim action. In fact, the order contained two additional sentences that referred to that fact.

2

Nonetheless, we do not share the plaintiff's interpretation of the trial court's order. See In the Matter of Salesky & Salesky, 157 N.H. 698, 702 (2008) (explaining that the interpretation of a court order is a question of law). The trial court expressly stated that "it would have awarded fees regardless of the issue of the Plaintiff seeking simultaneous recourse in multiple venues," which indicates that it did not consider that fact on remand. Moreover, the trial court specifically enumerated the prior findings upon which it relied, and none of them concern the plaintiff's simultaneous pursuit of recovery in multiple forums. Rather, they concern: (1) the plaintiff's certification that pleadings were mailed to the defendant when, in fact, they were not; (2) the plaintiff's "patently unreasonable" position in the small claims action that the defendant owed the plaintiff "for flight time incurred when the Defendant was working for the Plaintiff, while . . . completing tasks at the direction of the Plaintiff, and . . . performing duties for the benefit of the Plaintiff"; (3) the plaintiff's intent to bring the small claims action so as to harass the defendant; and (4) the plaintiff's "pretrial tactics," which "resulted in additional and unnecessary legal expenses to the Defendant." Thus, we conclude that the court, in fact, did not rely upon any of its prior findings concerning the plaintiff's pursuit of simultaneous recourse in multiple venues.

The plaintiff next asserts that the trial court was incorrect when it found that the plaintiff lied in the certificate of service. The plaintiff argues, "Contrary to the Court's conclusion, Plaintiff was honest." However, "[t]he trial court was in the best position to observe the parties and to determine their credibility." C & M Realty Tr. v. Wiedenkeller, 133 N.H. 470, 476 (1990). We defer to a trial court's judgment on such issues as resolving conflicts in testimony, measuring the credibility of witnesses, and determining the weight to be given to testimony. Cook v. Sullivan, 149 N.H. 774, 780 (2003).

The plaintiff next contends that the trial court erred when it found that the plaintiff pursued the action, in bad faith, so as to punish the defendant for leaving the plaintiff's employ. The plaintiff asserts that "[c]ontrary to this finding, Plaintiff initiated this cause of action to redress economic harm that resulted from the breach of contract." The trial court's finding of bad faith, however, is inextricably tied to its view that the defendant testified credibly, while the plaintiff did not. We decline to disturb those credibility determinations. See id.

The plaintiff next argues that the amount of attorney's fees awarded is excessive. We review the trial court's calculation of attorney's fees under our unsustainable exercise of discretion standard, and if there is some support for the trial court's decision, we will uphold it. LaMontagne Builders v. Brooks, 154 N.H. 252, 261-62 (2006).

"Relevant factors in the determination of reasonable fees include the amount involved, the nature, novelty, and difficulty of the litigation, the

attorney's standing and the skill employed, the time devoted, the customary fees in the area, the extent to which the attorney prevailed, and the benefit thereby bestowed on his clients." Couture v. Mammoth Groceries, Inc., 117 N.H. 294, 296 (1977).

The plaintiff contends that the amount awarded in this case ($6,500 for approximately 38 and ½ hours of legal work) was excessive because: (1) "[t]he fees expended by Defendant were in excess of the amount claimed in this Small Claims Complaint"; and (2) the defendant chose to file two dispositive motions. The plaintiff asserts that it "should not be responsible for fees associated with overzealous defense of a $4,900.00 claim." The trial court was not compelled to agree with the plaintiff that defense counsel's defense in this case was "overzealous." "Keeping in mind the substantial deference accorded a trial court's decision on attorney's fees, we cannot conclude that the court unsustainably exercised its discretion." Town of Barrington v. Townsend, 164 N.H. 241, 251(2012) (quotation and brackets omitted).

Affirmed.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**

4